ROGER ANDREW BROOKS *v.* STATE OF MARYLAND

[No. 365, September Term, 1978.]

*Decided January 11, 1979.*

The cause was submitted on briefs to MOORE, MASON and COUCH, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Bradford C. Peabody, Assistant Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Diane G. Goldsmith, Assistant Attorney General,* and *George R. Sparling, State's Attorney for St. Mary's County,* for appellee.

MOORE, J., delivered the opinion of the Court.

Roger Andrew Brooks, the appellant, was convicted by a jury in the Circuit Court for St. Mary's County (Mattingly, J.) of two motor vehicle violations: 1) driving while ability impaired by alcohol, Md. [Transp.] Code Ann. § 21-902 (b) (1977); and 2) speeding, Md. [Transp.] Code Ann. § 21-801 (1977). He was fined $500 for each offense and was sentenced to a two-month term in the St. Mary's County Jail for the driving while impaired conviction. On appeal, he contends that his conviction for driving while impaired should be reversed because subsections (a) and (b) of Section 21-902 of the Transportation Article are unconstitutionally vague. With this contention, we do not agree.

## I

Officer Louis H. Dick, Jr., of the Maryland State Police, the State's sole witness, testified to the events culminating in appellant's arrest. On December 17, 1977, at approximately 8:20 p.m., Officer Dick was driving an unmarked police car in a procession of vehicles traveling northbound in the right lane of Maryland Route 5 in St. Mary's County. Route 5, a two-lane highway with a posted speed limit of 55 m.p.h., was extremely wet and slick because of rain. The appellant, driving alone in the outside lane, passed him at a high rate of speed. Officer Dick immediately pulled out from the slow lane and gave pursuit. During the ensuing chase, the appellant swerved back and forth between and within lanes. Aware that the appellant was exceeding the speed limit, the officer "paced" the appellant for over two miles, establishing that he was traveling at 70 m.p.h. Dick, realizing the danger of appellant's speed and erratic driving, activated his siren, portable dome light, and four-way flashing grill lights as signals for the appellant to stop. However, the appellant did not stop until after a four-mile pursuit.

Officer Dick described appellant's behavior and condition as follows:

> "The Defendant stepped from his vehicle. When he did this, he stepped into the roadway. I had to close his car door. I had to ask the Defendant and

help the Defendant off the roadway back to the area of my police car. The Defendant, while standing there next to my police car, leaned over against it. The Defendant had a strong odor of alcohol beverage on his breath at this time. The Defendant, when I asked him to stand there for a few seconds, he leaned over against the police car again, and this was to maintain his balance.

. . .

The Defendant was transported to Leonardtown, St. Mary's County, and Defendant was in a handcuffed position at this time. While entering the Control Center at Leonardtown Post, the Defendant stumbled over the curbing. Defendant had to be assisted down the steps at the Leonardtown Control Center.

His eyes were very red, his clothes were soiled, disarranged, his shirttails were out of his pants. His attitude was very cocky at first and then complete quiet. His speech was slurred at the beginning when I first stopped him and then he became silent."

It was Officer Dick's conclusion, based upon all his observations, that the appellant was intoxicated at the time of his arrest. According to the two traffic citations, appellant was charged with driving while intoxicated or impaired by alcohol and with speeding. A chemical analysis of the appellant's alcohol blood count was not performed but three empty 12-ounce beer bottles were found by the officer in appellant's car. Appellant, 35 years old and the father of six children, testified in his own behalf. He admitted drinking three beers shortly before being stopped by Officer Dick. Agnes Marie Nelson, a defense witness, age 20 and a friend of appellant, testified that she and appellant shared a six-pack of beer and that they ate some fried chicken at a place in Leonardtown. Appellant drank three beers. According to Nelson, the appellant was sober but also appeared to have been drinking prior to his consumption of the three bottles of beer. Although the jury determined this evidence was

insufficient to sustain a driving while intoxicated charge, it returned a conviction of driving while impaired pursuant to section 21-902 (b) of the Transportation Article.

## II

It has long been recognized that a basic due process tenet in lawmaking, especially in the area of criminal law, is that the individual should be able to ascertain clearly what the law requires or forbids. If, because of vagueness, persons "of common intelligence must necessarily guess at [the] meaning [of a law] and differ as to its application, [the statute] violates the first essential of due process of law." *Connally v. General Construction Co.,* 269 U. S. 385, 391 (1926). *See Cramp v. Board of Public Instruction of Orange County,* 368 U. S. 278, 287 (1961); *Lashley v. State,* 10 Md. App. 136, 142, 268 A. 2d 502 (1970). Clarity in language and guidelines is also imperative to prevent discriminatory law enforcement particularly when a statute, uninterpreted by state court decisions, affects First Amendment guarantees. *Smith v. Goguen,* 415 U. S. 566, 573 (1974).

Transportation Article, Section 21-902 (a)-(b), the criminal provision at issue, was enacted in the interest of public safety to deter individuals who have consumed alcohol from driving on the highways of Maryland. *Major v. State,* 31 Md. App. 590, 591, 358 A. 2d 609 (1976). It states:

"§ 21-902. *Driving while intoxicated, ability impaired, or under the influence.*

(a) *Driving while intoxicated.* — A person may not drive or attempt to drive any vehicle while intoxicated.

(b) *Driving while ability impaired by alcohol.* — A person may not drive or attempt to drive any vehicle while his driving ability is impaired by the consumption of alcohol."

Appellant contends that subsections (a) and (b), under which he was disjunctively charged, are unconstitutionally vague because they do not set forth with adequate specificity the standards for determining culpability. According to

appellant, the terms "intoxicated" and "impaired by the consumption of alcohol," are insufficient to inform the individual of the threshold of culpable conduct. Moreover, he claims that although case law, delineating the standard, may cure the deficiency, no case law exists to rectify the definitional defect in this statute. The absence of definitional specificity, although a recurrent problem, is not necessarily an unconstitutional infirmity mandating invalidation of a statute. As the Court of Appeals recognized in *Blake v. State*:

> "Penal statutes should be expressed in language as specific as the subject matter will permit, but it is obviously impossible to define some types of crime by a detailed description of all possible cases that may arise.... *The words of a statute must be accorded the meaning naturally given them in ordinary usage.*" (Emphasis added.)

210 Md. 459, 462, 124 A. 2d 273 (1956). It must be recognized, therefore, that an element of imprecision may be inherent in many statutory terms since " '[i]n most English words and phrases there lurk uncertainties.' " *Rose v. Locke,* 423 U. S. 48, 49-50 (1975) *citing Robinson v. United States,* 324 U. S. 282, 286 (1945).

"Intoxication" and "impairment by alcohol" are two terms difficult to define with precision,[1] yet not difficult to understand. Courts have been able to fashion interpretations of these terms. Instructive in this respect is the approach employed by an Oklahoma court in *Synnott v. State* where the appellant made an identical due process challenge. 515 P. 2d 1154 (Okla. Crim. App. 1973). The court, in upholding an analogous provision, held that the phrase "under the influence of intoxicating liquor" must be given its "commonly understood meaning which does not leave a person of ordinary intelligence in doubt." Because the state is one of

---

1. Black's Law Dictionary (4th ed. 1968) defines "intoxicated" as "[a]ffected by an intoxicant, under the influence of an intoxicating liquor", *id.* at 957, and "impair" as "[t]o weaken, to make worse, or lessen in power, diminish, or relax, or otherwise affect in an injurious manner." *Id.* at 885.

general knowledge, it must be given a sensible interpretation. *Id.* at 1157. Therefore, ascribing to the word "impaired" [2] its common meaning, we believe it is generally viewed as a state less than intoxication where consumption of alcohol has affected one's normal coordination.[3]

It remains ultimately a question for the jury whether an accused was intoxicated, impaired, or under the influence of alcohol in accordance with the common meaning of those terms. *Singleton v. Roman,* 195 Md. 241, 247, 72 A. 2d 705 (1950). In making this determination, chemical evidence of alcohol consumption may be available pursuant to Md. [Cts. & Jud. Proc.] Code Ann. §§ 10-302, 10-307 (Supp. 1978) and is probative, but it is unnecessary for conviction. Other evidence, particularly the personal observations by a witness of the individual's behavior, may be sufficient. Md. [Cts. & Jud. Proc.] Code Ann. § 10-308 (Supp. 1978); *Major v. State,* 31 Md. App. at 595-96. In this respect, we find apposite the

---

2. The case law seems to indicate that the phrases "under the influence of alcohol" and "ability impaired by alcohol" are synonomous. Croom v. Fiedler, 341, F. 2d 909, 911 (6th Cir. 1965); City of Farmington v. Joseph, 575 P. 2d 104, 107, 91 N. M. 414 (N.M. Ct. App. 1978). For example, to be under the influence of alcohol pursuant to California law,

"[T]he intoxicating drug must so far affect the nervous system, the brain or muscles as to *impair* to an appreciable degree the ability to operate a vehicle in a manner like that of an ordinarily prudent and cautious person in full possession of his faculties, using care and under like conditions." (Emphasis added.)

Gilbert v. Municipal Court of North Orange County, 140 Cal. Rptr. 897, 899-900, 73 Cal.App.3d 723 (1977). *But cf.* Government of Virgin Islands v. Brown, 571 F. 2d 773, 777 (3d Cir. 1978) ("under the terms of the statute, a persons's ability to operate a vehicle [could] be presumed to be impaired by alcohol, yet that person could not be presumed intoxicated").

3. In *Clay v. State,* 211 Md. 577, 128 A. 2d 634 (1957), the Court of Appeals examined the gross negligence standard of the manslaughter by automobile statute. One of the factors considered in ascertaining gross negligence was the appellant's drinking. In commenting upon whether the appellant's consumption of alcohol amounted to a " 'wanton or reckless disregard for human life,' " the court said that the following conduct would be within the purview of culpable conduct:

"[D]riving while drinking to the extent of probably affecting one's judgment and discretion or probably affecting one's nervous system to the extent that there is a failure of normal coordination, *although not amounting to intoxication. . . .*" (Emphasis added.)

*Id.* at 584. Although this standard was formulated for another statutory provision, we believe that it may, by analogy, provide a definition for the "ability impaired by alcohol" provision here at issue.

holding in *United States v. Channel,* 423 F. Supp. 1017 (D. Md. 1976). In *Channel,* the appellant challenged his conviction of driving while intoxicated based solely upon the observations of his behavior by an officer and other witnesses. In upholding the conviction and sustaining Article 66½, Section 11-902 (a) [the predecessor of section 21-902] against a charge of unconstitutionality on the ground of vagueness, the Court said:

> "While it is seemingly true that the standard 'intoxicated' is capable of more precise definition, the failure of the Maryland legislature and courts so to define the term is not a denial of due process in this case in which the evidence discloses beyond a reasonable doubt that defendant was highly intoxicated, *according to the generally accepted meaning of those words."* (Emphasis added.)

423 F. Supp. at 1026. We find this statement equally applicable to the word "impaired" when, as here, there was evidence that established, beyond a reasonable doubt, the existence of this condition in accordance with its commonly accepted meaning.

In this case, Officer Dick's uncontradicted testimony provided ample evidence of behavior indicative of high alcohol consumption. *Id.* at 1021; *Thompson v. State,* 26 Md. App. 442, 450-51, 338 A. 2d 411 (1975). Appellant argues, however, that he had no way of knowing that three beers would impair his driving to such an extent as to violate the statute. Such an argument is disingenuous especially when the evidence disclosed that the beers were consumed within a relatively short period and the appellant, according to Agnes Nelson, appeared to have been drinking prior to consuming them.

We find, therefore, that the statute is not violative, on grounds of vagueness, of the due process of law clause of the Fourteenth Amendment to the United States Constitution and that the evidence was sufficient to sustain a conviction of the offense prescribed by Transportation Article, Section 21-902.

*Judgments affirmed; costs to be paid by appellant.*