# MICHAEL JEROME KURSCH v. STATE OF MARYLAND

[No. 1343, September Term, 1982.]

*Decided June 10, 1983.*

The cause was argued before Gilbert, C. J., and Lowe and Bloom, JJ.

*William C. Trevillian,* with whom was *Lloyd E. Clinton, Jr.,* on the brief, for appellant.

*Jillyn K. Schulze, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Alexander L. Cummings, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *Daniel Doherty, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Michael Jerome Kursch pleaded guilty in the Circuit Court for Anne Arundel County (Lerner, J.) to a charge of driving while under the influence of alcohol. Md. Transp. Code Ann. § 21-902 (b). The State entered a *nolle prosequi* to other charges. The trial court, after making a determination that Kursch was a second offender, sentenced him to one year imprisonment with all but sixty days suspended. Additionally, Kursch was placed on two years' supervised probation, and his driving privileges were suspended for two years.

On appeal Kursch claims two errors:

1) that a copy of his driving record as maintained by the Motor Vehicle Administration was insufficient to prove a prior conviction for driving while under the influence of alcohol; and

2) that the trial court lacked the authority to suspend Kursch's driver's license for a period of two years.

## The Facts

Appellant was arrested on February 9, 1982, and charged with driving under the influence of alcohol, Md. Transp. Code Ann. § 21-902 (b), as well as negligent driving. The trial court accepted Kursch's plea of guilty to driving while under the influence of alcohol.

After the court found Kursch guilty of a violation of § 21-902 (b), the State proceeded against him as a second offender. Md. Transp. Code Ann. § 27-101 (f). That section

provides that second or subsequent violators may be subjected to increased punishment. The State then introduced into evidence a copy of the notice sent to Kursch of the State's intent to proceed against him on the basis of a second or subsequent violation. Md. Rule 734.

A certified copy of appellant's driving record, as obtained from the Motor Vehicle Administration (M.V.A.), was then introduced and admitted into evidence. At that point, Kursch argued that the driving record, without specific docket entries noting prior convictions, was insufficient to demonstrate that he had previously been convicted of driving while under the influence. Judge Lerner, after some discussion, ruled that the record was sufficient evidence. He then sentenced the appellant as a subsequent offender.

I.

Appellant claims that it was error for the trial court to accept a M.V.A. certified copy of appellant's driving record and use it as proof of prior convictions for driving while under the influence of alcohol so as to enhance the penalty pursuant to Transp. Art. § 27-101 (f).

A certified copy of a person's driving record obtained from the M.V.A. is admissible to show prior motor vehicle convictions. *See* Md. Transp. Code Ann. § 12-113 (b) (1) (a certified copy of any record of the Administration ... is admissible in any judicial proceeding in the same manner as the original of the record). There was no question here that the driving record produced by the State was a certified copy, nor was there any doubt that it was a copy of Kursch's M.V.A. record. Essentially, appellant's claim is that there was not a sufficient predicate for the entries on the record. The M.V.A. record shows that on two previous occasions Kursch had points assessed against him for driving while his ability was impaired by alcohol. Under § 16-402 (a) of the Transportation Article, points are only assessed against an individual after conviction. Therefore, an arrest without subsequent conviction would not indicate any point as-

sessment. Were the shoe on the other foot in this matter and had appellant been arrested but not convicted, he would in all likelihood have strenuously advocated use of his driving record so as to rebut any second or subsequent offender charge by the State.

Appellant contends, in the alternative, that pursuant to reciprocity arrangements with other jurisdictions, Md. Transp. Code Ann. § 12-401 *et seq.,* out-of-state violations are reported to the M.V.A. and are recorded on an individual's driving record. The appellant fails to note, however, that a point assessment under § 16-402 may only be made *after the conviction of an individual for a violation of the vehicle laws of this State or local authority* (emphasis added). Contrary to appellant's argument, one need not be an expert to interpret a M.V.A. driving record. Kursch's two prior alcohol related convictions are plainly indicated on the record by the assessment of six points for each offense. Transp. Art. § 16-402 a (13).

Appellant further asserts that increased sentencing for a second or subsequent offender can only ensue from a second or subsequent violation of § 21-902 (b). In this way, "driving while ability impaired by alcohol" (pre-1982 phrase) and "driving while under the influence of alcohol" are not the same offense and therefore, even if appellant is thereby convicted, it will be the *first* conviction under the statute. The issue, while interesting, must await another day because it was not preserved for appeal. Md. Rule 1085.

## II.

Kursch next argues that Judge Lerner lacked the authority to suspend Kursch's license for two years. We note that the issue was neither raised in nor decided by the trial court. It may not be raised for the first time on appeal. Md. Rule 1085. We point out, however, that appellant, as a condition of his acceptance of supervised probation in exchange for the suspension of approximately ten months of confinement, specifically agreed that he was "not to drive for two years — driver's license suspended."

Thus, even if appellant had preserved the issue for our review, it is clear that the license "suspension" was merely a condition of probation. A court may place a defendant on probation upon such terms and conditions as are deemed proper. Md. Ann. Code art. 27, § 641A (a). Although the trial court could not suspend the license, that authority being vested exclusively in the Motor Vehicle Administration,[1] it was proper as a condition of probation for the court to preclude the appellant from driving a motor vehicle for a perid of two years. There was no error.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*

---

1. *See* Md. Transp. Code Ann. § 16-205.