503 A.2d 254

**James Edward TERESHUK**

v.

**STATE of Maryland.**

**No. 578, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 17, 1986.

Certiorari Denied May 2, 1986.

Reginald W. Bours, III (John C. Monahan and Bours & Monahan, on brief), Rockville, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County, and Alan Bennett, Asst. State's Atty. for Montgomery County, Rockville, on brief), for appellee.

Argued before WILNER, ALPERT, ROBERT M. BELL, JJ.

WILNER, Judge.

In 1981, the Legislature made substantial changes in the drunk driving laws. In so doing, it changed some of the terminology used in Transportation article, §§ 21–902(b) and 27–101(f).

Prior to the change, § 21–902(b) read as follows: "A person may not drive or attempt to drive any vehicle *while his driving ability is impaired by the consumption of alcohol.*" (Emphasis added.) Section 27–101(f) provided a fine of up to $500, imprisonment up to one year, or both "for any person who [was] convicted of a second or subsequent violation of ... § 21–902(b) of this article ['Driving while ability impaired by alcohol']...."

The 1981 legislation repealed and reenacted with amendments those provisions—§§ 21–902 and 27–101. *See* 1981 Laws of Maryland, ch. 242. As a result, § 21–902(b) was changed to provide that "[a] person may not drive or attempt to drive any vehicle *while under the influence of alcohol.*" (Emphasis added.) Consistent with this change, § 27–101(f) was amended to provide the enhanced penalty for "[a]ny person who is convicted of ... a second or subsequent violation of ... § 21–902(b) of this article ('Driving while under the influence of alcohol')...." The only change in § 27–101(f) was the inclusion of the new terminology used in § 21–902(b).

In this appeal, we consider the issue mentioned but not addressed in *Kursch v. State,* 55 Md.App. 103, 106, 460 A.2d 639 (1983): Whether a person convicted of "Driving while under the influence of alcohol," Transp. art., § 21–902(b), can be sentenced as a "second or subsequent offender" under § 27–101(f) when the repeat offender treatment is based on prior convictions for "Driving while ability impaired by alcohol" (former § 21–902(b)).

On July 4, 1984, appellant was arrested for "Driving while intoxicated." Transp. art., § 21–902(a). He submitted to a breathalyzer test, which measures an individual's blood alcohol content, and registered a .15—two percentage points above the blood alcohol content level considered *prima facie* evidence of intoxication. Courts art., § 10–307(e).

Appellant initially requested a jury trial, and as a result his case was removed from the District Court for Montgomery County and docketed in the Circuit Court. In a letter dated August 20, 1984, the State informed appellant that it intended to treat him as a "subsequent offender" pursuant to Transp. art., § 27–101(f) because of his two prior convictions for driving while impaired—December 13, 1977 and July 6, 1978. Before the scheduled trial date, the State and appellant reached a plea arrangement: the State among other things agreed to amend its charging document to allege "Driving while under the influence of alcohol" (Transp. art., § 21–902(b))—a lesser offense than "Driving while intoxicated" (§ 21–902(a))—and, appellant, for his part, agreed to plead guilty to the amended charge.

During a hearing on January 2, 1985, in which the court provisionally accepted appellant's guilty plea on the agreed-upon conditions, appellant argued that he could not be sentenced as a "subsequent offender" under § 27–101(f) because he had not been previously convicted of "Driving while under the *influence of alcohol.*" (Emphasis added.) On May 9, 1985, the court held that his prior convictions for driving "while his driving ability [was] impaired by the

consumption of alcohol" brought him within the purview of the "subsequent offender" provision (§ 27–101(f)). It sentenced him to one year but suspended execution of all except 60 days of the sentence, in favor of two years' supervised probation.

Pursuant to Courts art., § 12–302(e) and Rule 1096, appellant made application for leave to appeal the judgment entered upon his guilty plea, which we granted. He presses his claim that he cannot be treated as a subsequent offender based on his prior convictions for driving while "impaired," arguing that:

(1) The "subsequent offender" statute (§ 27–101(f)) expressly provides that a second or subsequent conviction for "Driving while under the influence of alcohol" is required and because that offense has only existed since July 1, 1981, his prior convictions for driving while impaired cannot serve as the predicate offense;

(2) The legislative history demonstrates that "Driving while under the influence of alcohol" and "Driving while ability impaired by alcohol" are not interchangeable terms;

(3) The plain language and due process considerations preclude subsequent offender treatment; and

(4) A review of comparable statutes demonstrates that the Legislature knows how to provide enhanced punishment in a variety of situations but did not do so here.

We hold that appellant was properly sentenced as a subsequent offender under § 27–101(f) and therefore shall affirm.

The cardinal rule of statutory construction is to ascertain and effectuate the actual legislative intent. *Reid v. State,* 302 Md. 811, 816, 490 A.2d 1289 (1985); *Willis v. State,* 302 Md. 363, 374, 488 A.2d 171 (1985); *Hawkins v. State,* 302 Md. 143, 147, 486 A.2d 179 (1985). In this pursuit, the principal source for determining that intent is the language

of the statute itself. If that language is unambiguous, no further inquiry is required.

Appellant first argues that § 27–101(f) unambiguously prescribes subsequent offender treatment only for those who have been convicted of two or more charges of "Driving while under the influence of alcohol," an offense which has existed only since July 1, 1981. This argument, of course, begs the question because it does not address what the Legislature intended to do with prior convictions for "Driving while ability impaired by alcohol." Fortunately, the Legislature specifically provided the answer in the very statute that changed the terminology. Section 2 of that Act (1981 Laws of Maryland, ch. 242) provides:

"AND BE IT FURTHER ENACTED, That wherever 'driving while ability impaired by consumption of alcohol' shall appear in the Annotated Code of Maryland, it is the legislative intent that 'driving while under the influence of alcohol' shall be substituted and have the same meaning and effect as 'driving or attempting to drive while ability impaired or not impaired by the consumption of alcohol,['] as the case may be or the context requires."

We can think of no clearer expression of legislative intent.

Appellant claims that "Driving while under the influence of alcohol" and "Driving while ability impaired by alcohol" cannot be treated as interchangeable because they are entirely different crimes. At oral argument, he suggested that under old § 21–902(b) ("Driving while ability impaired by alcohol"), the State was required to prove that the "driving ability" of the accused was impaired, an element that he says is not required to convict for "Driving while under the influence of alcohol." Appellant has cited no authority in support of this proposition and we have not uncovered any in our research. In our view, § 2, ch. 242, 1981 Laws of Maryland, providing that the terms shall have "the same meaning and effect," disposes of this contention.

We also believe that appellant's reliance on *Brooks v. State*, 41 Md.App. 123, 395 A.2d 1224 (1979), is misplaced.

In *Brooks,* we held that former § 21–902(a) [1] and (b) were not unconstitutionally vague, and in so doing commented that, "It remains ultimately a question for the jury whether an accused was intoxicated, impaired, *or* under the influence of alcohol in accordance with the *common meaning of those terms.*" (Emphasis added.) Appellant contends that, because we have delineated these terms disjunctively, we have recognized that they are separate offenses. We do not share that reading.

*Brooks,* of course, pre-dated the 1981 legislation. That fact alone would discount any value that might be placed on appellant's construction of *Brooks.* More important, the passage relied on by appellant, when read in context, in no way recognizes "impaired" and "under the influence" as different offenses. To the contrary, immediately before the passage, we noted, while ascribing a "common meaning" to the word "impaired," that "[t]he caselaw seems to indicate that the phrases 'under the influence of alcohol' and 'ability impaired by alcohol' are synonymous." *Brooks,* 41 Md.App. at 128 n. 2, 395 A.2d 1224. Thus, *Brooks* provides no support for his position.

Appellant's comparison of § 27–101(f) with other enhanced penalty provisions is likewise unpersuasive. Essentially, he argues that the Legislature knows how to enlarge the class it wants to cover, and "without an express designation of [the] larger class the statute must be construed narrowly to include only those persons who have violated the specific violation stated in the statute." Suffice to say, § 2, ch. 242 of the 1981 Laws of Maryland sets forth the class, and appellant falls squarely within that class.

■ Obliquely, appellant raises a due process claim. He contends that "because of the different wording of the statute [he] was not afforded fair notice of the possibility of

---

**1.** The Legislature did not change the terminology in § 21–902(a) when the change to subsection (b) was made in 1981. Subsection (a) did, and still does, provide that "[a] person may not drive or attempt to drive any vehicle while intoxicated."

subsequent offender treatment." The argument is entirely without merit.

Appellant's claim is apparently (and necessarily) based on the notion that the only public notice of the law is that provided by the Annotated Code. But that is not the case. The actual law is that set forth in the bill enacted by the Legislature, which is published in the annual session laws and is generally available to the public. *See Washington Sub. San. Comm'n v. Pride Homes*, 291 Md. 537, 543 n. 4, 435 A.2d 796 (1981). Courts art., § 10–201, captioned "Public General Laws," makes clear that the Annotated Code is merely "evidence" of the law.

With this fundamental concept in mind, it is clear that appellant's "fair notice" claim under the guise of due process is unfounded. As we noted, § 2, ch. 242 of the 1981 Laws of Maryland is explicit: "Driving under the influence of alcohol" shall have the "same meaning and effect" as its precursor, "Driving while ability impaired by alcohol." That is the law and since its enactment has been a matter of public record.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.