## CRIMINAL LAW

VEHICULAR MANSLAUGHTER – COMPARISON OF "GROSS NEGLIGENCE" THAT IS AN ELEMENT OF VIOLATION OF OFFENSE DEFINED IN CRIMINAL LAW ARTICLE §2-209 WITH "CRIMINAL NEGLIGENCE" THAT IS AN ELEMENT OF THE OFFENSE DEFINED IN CRIMINAL LAW ARTICLE §2-210

December 21, 2011

*The Honorable Joseph I. Cassilly*
*State's Attorney for Harford County*

You have asked for our opinion on two criminal statutes that establish offenses for homicide resulting from the negligent operation of a vehicle or vessel. In particular, you ask whether there is any distinction between the standards of culpability for those two offenses.

One statute, codified at Annotated Code of Maryland, Criminal Law Article ("CR"), §2-209, defines the crime of "manslaughter by vehicle or vessel" and requires proof of "gross negligence." The other statute, enacted this year and codified at CR §2-210, defines the crime of "criminally negligent manslaughter by vehicle or vessel." It requires proof of a type of negligence referred to as "criminal negligence."

In our opinion, CR §2-209 states a higher degree of culpability than that required by CR §2-210. The distinction between the two crimes lies in the defendant's consciousness of the risk associated with his or her conduct. As we explain below, to prove "gross negligence" under CR §2-209, the prosecution must show that the defendant was conscious of the risk to human life posed by his or her conduct and acted with "wanton or reckless disregard for human life." To prove "criminal negligence" under CR §2-210, the prosecution must show that the defendant should have been aware, but failed to perceive, that his or her conduct created a "substantial and unjustifiable risk" to human life and that the failure to perceive that risk was a "gross deviation" from the standard of care that a reasonable person would exercise.

# I

## Statutory Provisions

Both statutes concern homicides committed "as a result of the "[defendant's] driving, operating, or controlling a vehicle or vessel...." Both define the term "vehicle" to include a motor vehicle, streetcar, locomotive, engine, and train. CR §2-209(a); CR §2-210(a). The statutes differ primarily in the designation of the offense, the standard of culpability, and the potential penalties.[1]

### A. CR §2-209: Manslaughter by Vehicle or Vessel

CR §2-209 provides, in pertinent part:

> (b) A person may not cause the death of another as a result of the person's driving, operating, or controlling a vehicle or vessel in a grossly negligent manner.

> (c) A violation of this section is manslaughter by vehicle or vessel.

> (d) A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $5,000 or both.

This statute, which has been part of Maryland criminal law for more than 70 years,[2] also provides model language for a charging document and states that the charging document need not set forth the manner or means of death. CR §2-209(e).

---

[1] CR §§ 2-209 and 210 are not the only vehicular homicide statutes. *See* CR §§2-501 *et seq*. (creating offenses of homicide resulting from the negligent operation of a vehicle while the defendant is under the influence of alcohol, drugs, or controlled dangerous substances).

[2] As enacted in 1941, the statute applied to the operation of land-based vehicles. Chapter 414, Laws of Maryland 1941, *then codified at* Annotated Code of Maryland, Article 27, §436A. It was extended to the operation of motor boats in 1949. Chapter 5, Laws of Maryland 1949. It was later recodified as §388 in the 1957 Code and again in its current location when the Criminal Law Article was enacted. Chapter 26, §2, Laws of Maryland 2002.

### B.    CR §2-210:  *Criminally Negligent Manslaughter by Vehicle or Vessel*

A recent addition to Maryland criminal law,[3] CR §2-210 provides, in pertinent part:

>    (b) A person may not cause the death of another as the result of the person's driving, operating, or controlling a vehicle or vessel in a criminally negligent manner.
>
>    (c)  For purposes of this section, a person acts in a criminally negligent manner with respect to a result or a circumstance when:
>
>        (1)  the person should be aware, but fails to perceive, that the person's conduct creates a substantial and unjustifiable risk that such a result will occur; and
>
>        (2)  the failure to perceive constitutes a gross deviation from the standard of care that would be exercised by a reasonable person.
>
>    (d)  It is not a violation of this section for a person to cause the death of another as the result of the person's driving, operating, or controlling a vehicle or vessel in a negligent manner.
>
>    (e)  A violation of this section is criminally negligent manslaughter by vehicle or vessel.
>
>    (f)  A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $5,000 or both.

---

[3] The statute was enacted in 2011.  Chapter 334, Laws of Maryland 2011.  Similar bills had been introduced at each session of the Legislature since 2006.

## II

### Discussion

Your question arises because the Maryland appellate courts have sometimes appeared to equate the concepts of "criminal negligence" and "gross negligence." In *State v. Gibson*, 4 Md. App. 236, 242, 242 A.2d 575 (1968), for example, the Court of Special Appeals stated that "where a charge of involuntary manslaughter is predicated on negligently doing some act lawful in itself, or by negligently failing to perform a legal duty ... , the negligence ... must be gross or criminal, *viz*., such as manifests a wanton or reckless disregard of human life." *See also State v. DiGennaro*, 415 Md. 551, 566, 3 A.3d 1201 (2010) (quoting *Gibson*). You observed that CR §§2-209 and 2-210 might be redundant of each other if the terms "criminally negligent" and "grossly negligent" were viewed as interchangeable. You asked whether CR §2-210, which is the more recent of the two laws, might be deemed to replace CR §2-209, which carries a higher penalty.

### A. *Gross Negligence - Adoption of Common Law Standard in CR §2-209*

Common law manslaughter [4] and vehicular manslaughter under CR §2-209 "require the same proof of negligence, *i.e.*, gross negligence." *Forbes v. State*, 324 Md. 335, 340, 597 A.2d 427 (1991); *see also Pagotto v. State*, 127 Md. App. 271, 298, 732 A.2d 920 (1999) (stating that the vehicular manslaughter offense "completely incorporated the gross negligence standard of the common law felony"), *aff'd*, 361 Md. 528, 762 A.2d 97 (2000). Gross negligence is established when the conduct of the defendant, considering all the factors of the case, was "such that it amounted to a wanton or reckless disregard for human life." *Duren v. State*, 203 Md. 584, 588, 102 A.2d 277 (1954); *see also Dehogue v. State*, 190 Md. App. 532, 547, 989 A.2d 759 (2010) (applying the standard in a vehicular manslaughter case). Gross negligence requires "that the defendant be conscious of the risk to human life [posed] by his or her conduct." *Dishman v. State*, 352 Md. 279, 299, 721 A.2d 699 (1998).

---

[4] The Legislature has designated the penalty and the contents of an indictment for the common law offense. CR §§2-207, 2-208.

### B. *Criminal Negligence - Distinct Standard of Culpability in CR §2-210*

To prove that a defendant has committed vehicular homicide under CR §2-210, the prosecution must show that the defendant acted in a "criminally negligent manner." The statute elaborates on that standard in a way that distinguishes it from gross negligence. Moreover, the General Assembly provided, in uncodified language, explicit direction as to how the standard is to be interpreted.

#### 1. Codified Language - Failure to Perceive Risk

Under CR §2-210, the prosecution need not establish that the defendant was conscious of the risk posed by his or her conduct. While CR §2-209 requires proof of the defendant's "conscious disregard" of the risk posed by the conduct, CR §2-210(c) specifies that a person "acts in a criminally negligent manner when the person should be aware, but fails to perceive, that the person's conduct creates a substantial and unjustifiable risk that such a result will occur" and that the failure to perceive the risk "constitutes a gross deviation from the standard of care that would be exercised by a reasonable person." The mental state required for a violation of CR §2-210 thus differs from that required for a violation of CR §2-209.[5]

Differentiating two similarly phrased standards, a New York court explained:

> The essential distinction between manslaughter in the second degree and criminally negligent homicide is the state of mind of the actor. In the former, the actor is aware of the substantial and unjustifiable risk of death inherent in his acts but consciously chooses to disregard it in a gross deviation from a reasonable standard of care. ... The latter offense requires the actor to fail to perceive the risk of death inherent in his act and for this failure to constitute a gross deviation from a reasonable standard of

---

[5] The types of negligence required by both statutes are distinct from ordinary negligence. *See* CR § 2-210(d); *United States v. Gomez-Leon*, 545 F.3d 777, 793 (9th Cir. 2008) (noting that states rarely criminalize homicide resulting from ordinary negligence).

> care.... The "underlying conduct" is the same for both crimes. Both felonies require "risk of death inherent in [the defendant's act]" ...

*People v. Heber*, 192 Misc. 2d 412, 418-419, 745 N.Y.S.2d 835 (N.Y. Sup. Ct. 2002) (internal citations omitted).[6]

The Supreme Court of Connecticut, describing the state of mind of a defendant as "the most elusive element of the crime charged," similarly explained:

> The dividing line between manslaughter in the second degree, of which the defendant was convicted, and criminally negligent homicide is especially thin. To be guilty of the former, the defendant must be aware of and consciously disregard a substantial and unjustifiable risk that death will occur. ... To be guilty of criminally negligent homicide, however, the defendant must fail to perceive a substantial and unjustifiable risk that death will occur. ... Therefore, the issue that distinguishes the two criminal offenses is whether the defendant subjectively realized and chose to ignore a substantial risk of death

---

[6] The New York court also differentiated between "negligence," as used in civil cases, and "criminal negligence":

> Criminal liability cannot be predicated on every act of carelessness resulting in death ..... The carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence[;]the carelessness "must be such that its seriousness would be apparent to anyone who share[s] the community's general sense of right and wrong".... Criminal negligence thus requires "some serious blameworthiness in the conduct that caused [the death]"... or some culpable "risk creation" ....

192 Misc. 2d at 419 (internal citations omitted).

... or merely failed to realize that he was creating a substantial risk of death.

*State v. Ray*, 228 Conn. 147, 155-56, 635 A.2d 777 (1993). *See also United States v. Gomez-Leon*, 545 F.3d 777, 791 (9th Cir. 2008) (criminal negligence is "a degree of culpability higher than ordinary negligence, but lower than recklessness").

### 2. Uncodified Language - Expression of Legislative Intent

When it enacted the law that created CR §2-210, the Legislature included uncodified language in the bill to clarify its intent as to the standard of culpability:

> It is the intent of the General Assembly that the term "gross deviation from the standard of care" in [CR] §2-210(c)(2) ..., as enacted by Section 1 of this Act:
>
> (1) be interpreted synonymously with the term "gross deviation from the standard of care" under §2.02(2)(d) of the Model Penal Code of the American Law Institute; and
>
> (2) is a separate and distinct standard from the "gross negligence" standard that is used by and interpreted under §2-209 of the Criminal Law Article.

Chapter 334, §2, Laws of Maryland 2011.[7]

### i. *Reference to Model Penal Code*

The Model Penal Code definition to which the Legislature referred appears in a provision defining the mental states associated with criminal offenses. *See* 10A Uniform Laws Annotated, Model

---

[7] This language was added by amendment while the bill was in the Senate. It was apparently designed to respond to concerns expressed about whether prior versions of the bill could be interpreted to either criminalize simple negligence or duplicate the "gross negligence" standard in CR §2-209. *See* Office of Public Defender Position on Proposed Legislation - House Bill 388 (February 19, 2010).

Penal Code ("MPC") §2.02. The provision lists four mental states in descending order of culpability, with purposeful conduct at the highest level, followed by knowing conduct, reckless conduct, and, at the lowest level, criminally negligent conduct. *See* MPC §2.02(2); *see also Liparota v. United States*, 471 U.S. 419, 423 n.5 (1985). The model language cited by the General Assembly is as follows:

> (d) <u>Negligently</u>.
>
> A person acts negligently with respect to a material element of an offense when he *should be aware of a substantial and unjustifiable risk* that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the *actor's failure to perceive it*, considering the nature and purpose of his conduct and the circumstances known to him, involves a *gross deviation from the standard of care* that a reasonable person would observe in the actor's situation.

MPC §2.02(2)(d) (emphasis added).[8]

---

[8] Paragraphs (a) - (c) of MPC §2.02(2) provide:

> (a) <u>Purposely</u>.
>
> A person acts purposely with respect to a material element of an offense when:
>
> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
>
> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>
> (b) <u>Knowingly</u>.

(continued...)

The MPC standard for criminally negligent conduct, like the standard of culpability set forth in CR §2-210, contemplates circumstances in which the person should be aware of a substantial and unjustifiable risk resulting from his or her conduct and the failure to perceive the risk itself amounts to a gross deviation from the standard of care. By contrast, the MPC "recklessness" standard is similar to the gross negligence standard that underlies CR §2-209; both require findings that the defendant consciously disregarded the risk of the consequences of the conduct in question and "gross[ly]" deviated from the standard of conduct that a reasonable person would observe. *See* MPC §2.02(2)(c).[9]

---

[8] (...continued)

> A person acts knowingly with respect to a material element of an offense when:
>
> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
>
> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.
>
> (c) Recklessly.
>
> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

While the Model Penal Code includes provisions on manslaughter and negligent homicide, *see* MPC §§210.3, 210.4, it does not have separate provisions relating specifically to vehicular homicides.

[9] The Court of Special Appeals has described the relationship between the MPC and Maryland definition of "reckless" for purposes of

(continued...)

In short, the criminal negligence standard in the MPC and CR §2-210 omits the "conscious disregard" requirement and instead focuses on the culpability of the defendant's failure to perceive. When "criminal negligence" is interpreted in accordance with the MPC definition, it refers to a mental state distinct from, and less culpable than, the mental state described by "gross negligence."

### ii. *Legislative Confirmation of Distinction from CR §2-209*

The Legislature further stated in the uncodified language its "intent that... 'gross deviation from the standard of care' ... is a separate and distinct standard from the 'gross negligence' standard that is used by and interpreted under §2-209 of the Criminal Law Article." Chapter 334, §2(2), Laws of Maryland 2011. This express and unambiguous rejection of the gross negligence standard of CR §2-209 negates any inference that §2-210 "criminal negligence" is redundant of that standard. *Cf. Tereshuk v. State*, 66 Md. App. 193, 197, 503 A.2d 254 (1986) (finding unambiguous an uncodified statement of legislative intent that one statutory term be substituted for another).

### III

### Conclusion

In our opinion, the language of CR §2-210, as well as uncodified language in the bill that enacted it, makes clear that the Legislature intended to establish a standard of culpability distinct from the common law standard of culpability applicable to manslaughter under CR §2-209. The distinction between the two

---

[9] (...continued)
the statute criminalizing "reckless endangerment" (CR §3-204) this way:

> Although Maryland has not adopted the Model Penal Code itself or its definition of "reckless," a part of that definition, contained in [MPC] § 2.02(2)(c), was tracked, almost word for word, by the Court of Appeals in *Minor v. State*, [326 Md. 436, 443, 605 A.2d 138 (1992)].

*Albrecht v. State*, 97 Md. App. 630, 648, 632 A.2d 163 (1993), *rev'd on other grounds*, 336 Md. 475 (1994). *See also Minor*, 326 Md. at 442 n.1 (explicitly not adopting either the MPC or its definition of "recklessness").

crimes lies in the defendant's consciousness of the risk associated with his or her conduct. To prove "gross negligence" under CR §2-209, the prosecution must show that the defendant was *conscious of the risk* to human life posed by his or her conduct and acted with "wanton or reckless disregard for human life." To prove the "criminal negligence" under CR §2-210, the prosecution must show that the defendant *should have been aware, but failed to perceive* that his or her conduct created a "substantial and unjustifiable risk" to human life and that the failure to perceive that risk was a "gross deviation" from the standard of care that a reasonable person would exercise. Accordingly, CR §2-210 does not replace CR §2-209, but rather states a lesser degree of culpability.

Douglas F. Gansler
*Attorney General*

Ann MacNeille
*Assistant Attorney General*

Robert N. McDonald
*Chief Counsel*
  *Opinions and Advice*