# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,          )
                                 )
                                 )
                                 )
        v.                   )    C.A. No.: 1208016098
                                 )
JANINE V. JOHNSON,       )
                                 )
        Defendant.        )
                                 )

Submitted: March 25, 2014
Decided: April 24, 2014

Timothy Maguire, Esquire
Deputy Attorney General
820 N. French Street, 8TH Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Jonathan Layton, Esquire
1823 West 16th Street
Wilmington, DE 19806
*Attorney for Defendant*

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

**RENNIE, J.**

On August 19, 2012, Defendant Janine V. Johnson ("Johnson") was arrested and charged with: (1) driving under the influence of alcohol in violation of 21 *Del. C.* § 4177(a) (the "DUI Offense"); (2) improper lane change in violation of 21 *Del. C.* § 4122; (3) operating an unregistered motor vehicle in violation of 21 *Del. C.* § 2101, and; (4) failure to have insurance identification in possession in violation of 21 *Del. C.* § 2118.

On November 13, 2013, Johnson filed the present motion *in limine*, seeking a pre-trial ruling on the issue of whether the pending DUI Offense constitutes a first or second offense for Johnson in light of her driving offenses in Maryland.

A hearing on Johnson's motion was held on January 30, 2014. At the conclusion of the hearing, the Court reserved decision and ordered supplemental briefing from the parties.[1] This is the Court's final decision after consideration of the oral argument presented and supplemental briefing submitted.

## FACTS

Johnson concedes that on March 4, 2010, she was arrested in Maryland and charged with: (1) Driving or Attempting to Drive a Vehicle While Under the Influence of Alcohol, in violation of *Md.Code Ann., Transp.* § 21-902(a)(1) (2011); (2) Driving or Attempting to Drive a Vehicle While Impaired by Alcohol, in violation of *Md.Code Ann., Transp.* § 21-902(b)(1) (2011), and; (3) Unsafe Lane Changing, in violation of *Md.Code Ann., Transp.* § 21-309(b).

On May 27, 2010, Johnson pled guilty in Maryland Circuit Court to Driving or Attempting to Drive a Vehicle While Impaired by Alcohol (the "Maryland Offense").[2] Johnson

---

[1] On February 24, 2014, the Court ordered additional briefing to address, in part, the issue of whether the pending motion implicates an actual case or controversy, or if it is merely an advisory opinion. The Court has determined that this issue is appropriate for a motion *in limine*.

[2] A *nolle prosequi* was entered with respect to the companion charges of Driving or Attempting to Drive a Vehicle While Under the Influence of Alcohol and Unsafe Lane Changing.

2

had no prior alcohol-related incidents and was eligible to enroll in the Maryland probation before judgment ("PBJ") program. The Maryland Circuit Court granted PBJ and imposed a fine of $150.00 plus costs. According to Johnson, she successfully completed the PBJ program and was discharged.[3]

On August 19, 2012, Johnson was charged in Delaware with the DUI Offense, improper lane change, operating an unregistered motor vehicle, and failure to have insurance identification. During plea negotiations, the State extended an offer to Johnson which involved a sentencing recommendation for the minimum mandatory sentence applicable to a defendant facing a second DUI conviction within five years of a first DUI conviction. Johnson, however, maintained that the present DUI Offense is properly classified as her first offense, as she was not "convicted" in Maryland.

On November 13, 2013, Johnson filed the present motion *in limine*. The sole issue before the Court is whether the Maryland Offense constitutes a "prior offense" under 21 *Del. C.* 4177B(e).

## Discussion

Under Delaware's DUI statute, repeat offenders are subject to heightened penalties.[4] The designation of "prior offenses" is set forth in § 4177B(e), which provides that a person convicted of DUI is considered a repeat offender for sentencing purposes if convicted "pursuant to . . . § 4177 of this title, or a similar statute of any state" within five years antecedent to the present offense.[5]

Pursuant to § 4177B(e)(1), prior offenses include:

---

[3] The record does indicate that the matter is closed.
[4] 21 *Del. C.* § 4177(d); *Stewart v. State*, 930 A.2d 923, 926 (Del. 2007).
[5] 21 *Del. C.* § 4177B(e).

a. A conviction or other adjudication of guilt or delinquency pursuant to § 4175(b) or § 4177 of this title, or a similar statute of any state or local jurisdiction, any federal or military reservation or the District of Columbia;

. . .

c. Participation in a course of instruction or program of rehabilitation or education pursuant to § 4175(b) of this title, § 4177 of this title or this section, or a similar statute of any state, local jurisdiction, any federal or military reservation or the District of Columbia, regardless of the existence or validity of any accompanying attendant plea or adjudication of guilt;

d. A conditional adjudication of guilt, any court order, or any agreement sanctioned by a court requiring or permitting a person to apply for, enroll in or otherwise accept first offender treatment or any other diversionary program under this section or a similar statute of any state, local jurisdiction, any federal or military reservation or the District of Columbia.

Johnson presents three arguments in support of her position that the Maryland Offense is not a prior offense under § 4177B(e)(1). First, Johnson argues that under Maryland law the Maryland Offense did not result in a conviction or other adjudication of guilt; thus, it was not a prior offense under § 4177B(e)(1)(a).[6] Second, Johnson argues that the record does not reflect that probation was actually ordered or that she was ordered to participate in a course of instruction or program of rehabilitation. Therefore, Johnson contends, the Maryland Offense is not a first offense under § 4177B(e)(1)(c).[7] Finally, Johnson argues that Maryland's DUI statute is not similar to Delaware's DUI statute, rendering § 4177B(e)(1)(d) inapplicable.[8]

The Court need not address Johnson's first two arguments as the present circumstances fall squarely within the language of 4177B(e)(1)(d).

---

[6] Defendant's Supplemental Brief at ¶ 33-34.

[7] Defs.Supp.Br. at ¶ 35. The Court notes that in Defendant's Supplemental Brief, Johnson asserts that probation was in fact completed. Defs.Supp.Br. at ¶ 38.

[8] Defs.Supp.Br. at ¶ 36.

Johnson argues that Maryland's DUI statute differs from the law in Delaware in that the term "impaired" is absent from Delaware's DUI statute. Thus, Johnson concludes, the DUI statute in Maryland is not "similar" to its Delaware counterpart, and the Maryland Offense should be excluded from consideration as a prior offense under § 4177B(e)(1)(d).[9]

"In comparing a statute for the purpose of determining whether it is pursuant to a similar statute, it is the prohibited behavior that must be similar."[10] Delaware courts have defined "similar" as "nearly corresponding; resembling in many respects; having a general likeness, although allowing for some degree of difference."[11]

While there is some degree of difference in the two statutes, the conduct that the statutes seek to prohibit is identical. Delaware's DUI statute defines "while under the influence" as when a "person is, because of alcohol or drugs or a combination of both, less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle."[12] Maryland courts have interpreted driving "while impaired" as "a state less than intoxication where consumption of alcohol has affected one's normal coordination."[13] In both cases, the prohibited behavior is a person operating a vehicle in a manner negatively deviant from their norm attributable to the consumption of alcohol. Accordingly, the Court finds that Maryland's DUI statute and Delaware's DUI statute are similar for purposes of § 4177B(e)(1)(d).

---

[9] Johnson also argues that the statutes differ in that the word "attempt" is not included in the Delaware statute. The Court finds this argument to be unpersuasive.

[10] State v. Rogers, 2001 WL 1398583, at *1 (Del. Super. Oct. 9, 2001).

[11] Id. at *2.

[12] 21 Del. C. § 4177(c)(5).

[13] Brooks v. State, 41 Md. App. 123, 128 (Md. Ct. Spec. App. Jan. 11, 1979).

The Delaware Superior Court's ruling in *Davis v. State*[14] is instructive on the issue of the similarity between the Delaware and Maryland DUI statutes. In *Davis*, the Delaware Superior Court held that the defendant was properly sentenced as a second offender based on defendant's prior PBJ in Maryland for Driving While Impaired by Alcohol.[15] The court held "[d]efendant acknowledged serving 18 months probation before judgment for Driving While Impaired by Alcohol in Maryland, after blowing a .23. The trial judge found that satisfied 21 *Del. C.* § 4177(e)(1)(d) and, accordingly, sentenced Defendant properly as a second offender."[16]

Likewise, Johnson acknowledges completing PBJ in Maryland for Driving or Attempting to Drive a Vehicle While Impaired by Alcohol. As in *Davis*, this Court finds that 21 *Del. C.* § 4177B(e)(1)(d) is applicable. Accordingly, the Maryland Offense is considered a prior offense for purposes of these proceedings.

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* is **DENIED**. The matter shall be set for trial before this judicial officer.

**IT IS SO ORDERED THIS 24ᵗʰ DAY OF APRIL, 2014.**

The Honorable Sheldon K. Rennie,
Judge

---

[14] 2014 WL 1312742 (Del. Super. Feb. 28, 2014).
[15] *Id.* at *2.
[16] *Id.* at *2.

6