GOVERNMENT OF THE VIRGIN ISLANDS

v.

THEODORE BROWN, Appellant

No. 77-1484

United States Court of Appeals

Third Circuit

Argued December 8, 1977

Filed February 15, 1978

ALAN D. SMITH, ESQ., Territorial Public Defender, St. Thomas, V.I., *for appellant*

LEONARD BERNARDO FRANCIS, JR., ESQ., Department of Law, St. Thomas, V.I., *for appellee*

Before ADAMS, ROSENN, and HUNTER, *Circuit Judges*

OPINION OF THE COURT

ROSENN, *Circuit Judge*

Theodore Brown appeals his conviction by a jury in the District Court for the Virgin Islands, Division of St. Thomas and St. John, of violating the Virgin Islands' drunk driving statute, V.I. Code Ann. tit. 20 § 493 (Cum. Supp. 1975). After reviewing the record, it seems clear to us that the defendant was, as the jury stated in their verdict, "operating a vehicle while his ability to do so was impaired by alcohol." Yet as much as there is a legal duty to clear public highways of the dangers of drunk drivers, we are unable to affirm the conviction in this case because of a critical defect in the verdict of the jury. We reverse.

On October 12, 1976, Theodore Brown was charged in a three-count information for driving a car:

Count I: while under the influence of intoxicating liquor after having been previously convicted for the same offense on February 27, 1975, in violation of Title 20, Virgin Islands Code Section 493.

Count II: without first having obtained a valid Virgin Islands Operator's license to do so . . . .

Count III: in such negligent manner as to endanger persons and property . . . .

Brown pled guilty to Count II and was tried before a jury on January 13, 1977, on the other two counts. The evidence supports the charge that the defendant had 0.13% of alcohol in his system while operating an automobile at the time and place alleged. The trial judge's charge to the jury on Count I went as follows:

To assist you we have prepared forms of verdicts for you . . . . We could have given you just a blank pad and writing material and told you to write down what verdict you returned or reached but we find it easier to prepare verdicts for you which represent the only alternatives. In preparing them, however, and giving them to you be assured that no one is attempting to suggest to you what your verdict should be because as I said before the verdict is the sole responsibility of the ladies and gentlemen of the jury.

Now, with respect to the first count, there are only two forms, one says, the one I am holding in my left, we find the Defendant not guilty. This is the one you will use if after you consider all the evidence you find either he was not or you have reasonable doubt of whether he was either intoxicated or driving while his ability was impaired by the consumption of alcohol. If on the other hand you do find beyond a reasonable doubt that that was his state and condition then you use this other verdict which says we find the Defendant, Theodore Brown, guilty of the crime charged to wit driving

under the influence of alcohol or operating a motor vehicle while his ability to do so was impaired by alcohol.

The jury acquitted the defendant of Count III but found him guilty of Count I. The jury's prepared verdict form read:

We, the Jury, impanelled and sworn to try the guilt or innocence of the defendant above named find the defendant Theodore Brown guilty of the crime charged, to wit, driving under the influence of alcohol, or operating a vehicle while his ability to do so was impaired by alcohol—Count I.

Dated: January 13, 1977.

A judgment of guilty on Count I was accordingly entered by the district court on January 14, 1977. The order stated, in pertinent part:

It is ADJUDGED that the defendant has been convicted upon his plea of Not Guilty of the offense of Driving Under the Influence of Alcohol or Operating a Vehicle While his Ability to do so was Impaired by Alcohol, as charged. The imposition of sentence is withheld in Count II of the Amended Information, Driving Without a Valid Operator's License.[1]

## II.

The statute under which the defendant was convicted, V.I. Code Ann. tit. 20 § 493 reads in relevant part:

Whoever operates a motor vehicle while in an intoxicated condition after having been convicted of operating a motor vehicle while in an intoxicated condition and whoever operates a motor vehicle while his ability to operate such motor vehicle is impaired by the use of a drug, after having been convicted of operating a motor vehicle while his ability to operate such motor vehicle is impaired by the use of a drug as hereinafter defined shall upon conviction be guilty of a felony . . . .

The word "drug" is defined in the statute as one of the following:

---

[1] Defendant was sentenced to imprisonment for six months, with suspension of execution of three months of the sentence and he was placed on supervised probation for one year.

(1) Depressant drug. Any drug which contains any quantity of barbituric acid or any of the salts of barbituric acids, or any derivative of barbituric acid which has been designated by the Commissioner of Health as habit forming, or any other drug which contains any quantity of a substance which the Commissioner of Health or the Attorney General of the United States, after investigation, has found to have, and by regulation designates as having, a potential for abuse because of its depressant effect on the nervous system.

(2) Hallucinogenic drug. Any drug which contains any quantity of stramonium, mescaline or peyote, lysergic acid dielhylomide and psilocybine, or any salts or derivative or compounds of any preparations or mixtures thereof.

(3) Narcotic drug. Any drug which contains any quantity of opium, coca leaves, marihuana (cannabis, sativa), pethidine (isonipecaine, meperidine), and opiates or their compound, manufacture, salt, alkaloid, or derivative, and every substance neither chemically nor physically distinguishable from them and exempted and excepted preparations containing such drugs or their derivatives, by whatever trade name identified and whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, as the same are designated in the federal narcotic laws and as found by the Commissioner of Health pursuant to the authority vested in him under section 591(10) of Title 19 of the Virgin Islands Code.

(4) Stimulant drug. Any drug which contains any quantity of amphetamine or any of its optical isomers; any salt of amphetamine or any salt of an optical isomer of amphetamine; or any substance which the Commissioner of Health, after investigation, has found to be, and by regulation designated as, habit forming because of its stimulant effect of the central nervous system.

■ Close reading of the information, the jury charge, the verdict, the judgment and the statute indicate that the defendant was not adjudged guilty of any statutory offense. V.I. Code Ann. tit. 20 § 493 prohibits operating a motor vehicle while in an "intoxicated condition," or while "impaired by the use of drugs." But alcohol, as a depres-

sant drug, does not fall within the definition of a "drug" within the statute unless designated by regulation of the Commissioner of Health or the Attorney General of the United States as having a potential for abuse. In the absence of such a regulation (we find none and counsel were unable to bring any to our attention) the defendant would have had to be found driving in an "intoxicated condition" to violate section 493.

█ █ Fairly read, and "construed according to common sense with an appreciation of existing realities," United States v. Anderson, 532 F.2d 1218 (9th Cir. 1976), cert. denied, 45 U.S.L.W. 3247 (1977), the indictment does appear to furnish the defendant with a sufficient description of the charge against him. See United States v. Radowitz, 507 F.2d 109, 112 (3d Cir. 1974). However, the charge to the jury, the jury verdict and the district court's order cast the offense in terms of "driving under the influence of alcohol, or operating a vehicle while his ability to do so was impaired by alcohol." Simply stated, there is no such offense in the Virgin Islands.[2]

█ The distinction between "in an intoxicated condition" and "under the influence of alcohol" is not mere semantics in this case: it is a distinction which section 493 itself makes. For the evidentiary purpose of determining intoxication, section 493(b) c & d provide:

(c) evidence that there was, at the time, ten hundredths of one per centum, or more, by weight of alcohol in his blood, may be

_____

[2] It is possible that there was some confusion between the language of section 493 now in force, and the language in force prior to amendment in 1968, when the statute read: "No person shall operate a vehicle while under the influence of intoxicating liquor. . . ." If that language were still in force, we would have no problem with this verdict. But it is not, and we do. Furthermore, there may have been some confusion between the language which states the nature of the offense in section 493(a), and language in section 493(b), which permits admission of blood alcohol tests into evidence in trials "of any action . . . arising out of acts alleged to have been committed by a person arrested . . . while ability to operate is impaired by the consumption of alcohol."

admitted as prima facie evidence that the defendant's ability to operate a motor vehicle was impaired by the consumption of alcohol; (d) evidence that there was, at the time, fifteen-hundredths of one per centum, or more, by weight of alcohol in his blood, may be admitted as prima facie evidence that the defendant was in an intoxicated condition.

Thus, under the terms of the statute, a person's ability to operate a vehicle can be presumed to be impaired by alcohol, yet that person would not be presumed intoxicated. The jury's verdict in this case indicated to us, in light of the statute, that they found the defendant "under the influence of alcohol," which is not a statutory offense,[3] but did not find that his degree of inebriation rose to the level of "intoxication," which *is* an offense.

■ What purpose this distinction serves in view of the evident intent of the statute is unclear, but that is beyond the purview of this court. We cannot punish a person for committing an act which has not been made a

---

[3] In contrast to the ambiguous legislation enacted by the Virgin Islands on the subject of operating motor vehicles while under the influence of alcohol or drugs, the three states which with the Virgin Islands comprise the Third Circuit prohibit:

A. Delaware: [A person who] drives, operates or has in actual physical control a vehicle while under the influence of intoxicating liquor or of any drug or any combination of drugs and intoxicating liquor . . . . Any person who drives, operates or has in actual physical control a vehicle while such person's blood has reached a blood alcohol concentration of one tenth of 1% or more by weight as shown by a chemical analysis of a blood, breath or urine taken within 4 hours of the alleged offense shall be guilty under this section. This provision shall not preclude a conviction based on other admissible evidence.
Delaware Code tit. 21, § 4177 (Cum. Supp. 1976).

B. New Jersey: A person [to operate] a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody of control . . . .
N.J. Stat. Ann. § 39:4-50 (1973).

C. Pennsylvania: A person [from driving a] vehicle while:
(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;
(2) under the influence of any controlled substance, as defined . . . to a degree which renders the person incapable of safe driving or
(3) under the combined influence of alcohol and a controlled substance to a degree which renders the person incapable of safe driving.
Pa. Cons. Stat. Ann. § 3731 (Purdon) (1977 pamphlet).

criminal offense by the legislative branch of government. Accordingly, the judgment of the district court will be reversed.