# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
## v.
# HUGH GRANT, Defendant

Criminal No. 204/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 12, 1983

GEORGE W. CANNON, JR., Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for Government*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

On November 17, 1982, the defendant, Hugh Grant, was found guilty of negligent homicide by means of a motor vehicle[1] and reckless driving,[2] after a jury trial. Specifically, the Government alleged and offered evidence to establish that on May 8, 1982, defendant, while operating his 1968 yellow Plymouth automobile from north to south on the North Side Road, Christiansted, St. Croix, near its intersection with Alfredo Andrews School road, and after he had been drinking, crossed the center line of road into the north-bound or westerly-most lane and struck a red 1978 Honda Civic automobile operated by David Martinez. Kiena Martinez, his 4-year-old daughter, was a passenger in the right front seat and David Martinez, his 2-year-old son, was a passenger in the rear seat of Martinez' vehicle. As a result of the accident, Kiena Martinez suffered injuries from which she died. She was pronounced dead at the Charles Harwood Memorial Hospital, Christiansted, St. Croix, on May 8, 1982.

The case now comes before the Court on defendant's motion for judgment of acquittal or in the alternative for a new trial.

As grounds for his motion, Grant contends that:

1. The verdict is contrary to the weight of the evidence.

2. The verdict of guilty as to Count I is inconsistent with the verdict of not guilty as to Count II.

3. The Court erred in failing to dismiss Count II of the information before trial for failure to state sufficient facts to advise the defendant of the offense against which he would be required to defend.

4. The Court erred in denying Grant's requested jury instructions pertaining to "Intoxication—Proximate Cause", "Reckless Manner",

---

[1] 20 V.I.C. § 504 provides in pertinent part:

When death of a person ensues within one year as a proximate result of injury received by operation of a vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the persons so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

[2] 20 V.I.C. § 492 reads:

It shall be unlawful for any person to operate a motor vehicle in a reckless manner over and along the public highways of this Territory. For the purpose of this section to "operate in a reckless manner" means the operation of a vehicle upon the public highways of this Territory in such a manner as to indicate either a wilful or wanton disregard for the safety of person or property.

"Presumption of Non-Intoxication", "Under the Influence or Affected by Intoxicating Liquor", and "Sudden Emergency".

The Court has determined that the contentions are without merit and therefore the motion for judgment of acquittal or in the alternative, for a new trial will be denied.

## I

■ The standard to be used in determining a motion for judgment of acquittal and a motion for a new trial is different. On a motion for judgment of acquittal, the Court must approach the evidence from the standpoint most favorable to the government and in that vein assume the truth of the evidence offered by the prosecution. In other words, the standard is whether, in viewing all the evidence adduced at trial in the light most favorable to the government, there is substantial evidence from which the jury could find guilt beyond a reasonable doubt. Government v. Bradshaw, 15 V.I. 481, 485 (3d Cir. 1978). If on this basis there is substantial relevant evidence justifying an inference or finding of guilt by the jury, the motion for acquittal must be denied.

■■ However, on a motion for a new trial, the power of the Court is much broader and the Court may weigh the evidence and the creditability of the witnesses. If the Court concludes that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may then be set aside and a new trial granted. 3 WRIGHT, Federal Practice and Procedure: Criminal 2d § 553 (1982). Furthermore, a motion for a new trial is addressed to the discretion of the Court and such discretion should be exercised with extreme caution. In other words, the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. 3 WRIGHT, supra.

## II

The defendant first contends that the verdict is contrary to the weight of the evidence.

Grant was charged in Count I[3] of the information with negligent

---

[3] The information charged that "Hugh Grant did operate a vehicle on a public road affected by intoxicating liquor in a reckless manner causing an accident resulting in the death of Kiena Martinez as a proximate result of injury received by her in the accident caused by Hugh Grant's operation of his car in violation of 20 V.I.C. § 504."

homicide by means of a motor vehicle and in Count II[4] of the information with reckless driving.

At the trial there was testimony by two eyewitnesses that the defendant lost control of his vehicle and swerved into the opposite lane of traffic thereby colliding with Mr. Martinez' automobile. In addition there was testimony by six witnesses, including four police officers on the scene at the time of the accident, that the defendant was "staggering" or appeared "unstable" to the extent that he could not properly maintain his balance. Furthermore, Officers Moorehead and Crossley testified that the defendant's breath smelled of alcohol and his speech was "slurred". Both officers indicated that in their opinion the defendant was intoxicated or drunk.

█ In view of the testimony offered, clearly there is sufficient evidence to support a finding by the jury that the defendant was either "under the influence of or affected by intoxicating liquor", and "operating his vehicle in a reckless manner" at the time of the accident and to uphold a conviction for negligent homicide and/or reckless driving. This is true whether the standard applied is applicable to a motion for judgment of acquittal or a motion for a new trial.

### III

█ Grant next contends that the verdict of guilty as to Count I is inconsistent with the verdict of not guilty as to Count II.[5] Defendant's contention is erroneous. The standards for a person affected by alcohol differ under the two statutes charged. For negligent homicide a person need only be "under the influence of or affected by intoxicating liquor". However, for a person to be convicted of driving while intoxicated there needs to be proof that the defendant was intoxicated while driving—that is affected by the ingestion of alcohol to a degree beyond mere impairment of ability to operate. A jury may, therefore, find a defendant guilty of negligent homicide as a result of merely operating a vehicle while under the influence of or

---

[4] Count III of the information charged that Hugh Grant "did operate a motor vehicle in a reckless manner over and along the public highway in violation of 20 V.I.C. § 492."

[5] Count II of the information charged that Hugh Grant "did operate a motor vehicle on a public road while in an intoxicated condition in violation of 20 V.I.C. § 493(a)." Section 493(a) provides in pertinent part:

Whoever operates a motor vehicle while in an intoxicated condition or while his ability to operate such motor vehicle is impaired by the use of a drug as hereinafter defined shall be guilty of a misdemeanor. . . .

347

affected by alcohol, this being a necessary element of this offense, and also find that his degree of inebriation did not rise to the level of intoxication necessary for conviction of the offense of driving while intoxicated. See c.f. Government of the Virgin Islands v. Theodore Brown, 15 V.I. 541, 547 (3d Cir. 1978).

## IV

■■ Grant also contends that the Court erred in failing to dismiss Count III of the information, "when the Court was informed that Count III does not state sufficient facts to assist the defendant in what he must defend". The Court did not err. First, though Count III may be inartfully drafted, it nevertheless meets the standard required by Rule 7(c) Fed. R. Crim. P. It does adequately apprise the defendant of the charge against him. Secondly, assuming arguendo the Court did err, it is harmless error. This is so because the Court views the events which constitute the two charges as a single transaction. Therefore, the Court deems Count III of the information to have merged into Count I for the purposes of sentencing. As a result of this the Court's failure to dismiss Count III, if error, is harmless error.

## V

. ■■ Defendant finally alleges that the Court erred in denying defendant's requested instruction on "Intoxication—Proximate Cause", "Reckless Manner", "Presumption of Nonintoxicating Liquor" and "Sudden Emergency". It is well established that a Court is not required to give requested instructions in the exact language requested by a party even if they correctly state the law. United States v. Conversano, 412 F.2d 1143, cert. denied, 396 U.S. 905 (1969); United States v. Stoehr, 196 F.2d 276, cert. denied, 344 U.S. 826 (1952). See generally 2 WRIGHT, Federal Practice and Procedure: Criminal 2d § 482 (1982). It is adequate if the judge's charge to the jury correctly covers the substance of the requested instructions. United States v. Blair, 456 F.2d 514 (3d Cir. 1972); 2 WRIGHT, supra. In the case at bar the Court holds that all but two of defendant's requested instructions were substantially covered in the charges given to the jury. It is only the defendant's requested instruction concerning sudden emergency which was omitted entirely because there was insufficient evidence to support giving such an instruction. A party is entitled to a specific instruction on his theory of the case only if there is evidence to support it. The Court is not bound, however, to outline all possible factual situations or conditions evincing defendant's innocence. 2 WRIGHT, supra.

Finally, the Court refused to charge the jury with the defendant's requested instruction regarding "Intoxication—Proximate Cause" because it did not correctly state the relevant law. It is not error for a court to refuse to give a requested instruction which is incorrect in its statement of the law.[6] United States v. American Radiator & Standard Sanitary Corp., 433 F.2d 124, cert. denied, 401 U.S. 948 (1970).

## CONCLUSION

Therefore, for the foregoing reasons, defendant's motion for judgment of acquittal or in the alternative, for a new trial will be DENIED.

---

[6] The Court notes that an instruction *correctly stating* the law concerning proximate cause was given to the jury.