## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## ARTHUR ZACHRY, Defendant

Criminal No. 79/87

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 31, 1989

ORIN L. ALEXIS, ESQ., Assistant Attorney General, General Litigation Services (Department of Justice, Criminal Division), St. Thomas, V.I., *for plaintiff*

KIRK RICHARD NEWELL, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motions to dismiss. The questions presented are: (1) whether the language of 20 V.I.C. § 493(a)(1), "... under the influence of an intoxicating liquor ...", is unconstitutionally vague and/or ambiguous; and (2) whether defendant's right to a speedy trial was violated, pursuant to this

jurisdiction's adoption of the Sixth Amendment right to a speedy trial? For the reasons stated below, the court concludes that the statute is not unconstitutionally vague, but that the defendant's right to a speedy trial has been violated.

## Facts

On February 27, 1987, defendant Zachry admitted to police that he was the driver of a vehicle that hit a boulder on Crown Mountain Road. Officer H. Acosta observed the defendant's swagger, breath, and physical appearance, and concluded that a misdemeanor occurred pursuant to 20 V.I.C. § 493(a)(1). Upon lawful arrest, defendant was offered chemical testing of his blood, and was subsequently charged with violating 20 V.I.C. § 493(a)(1), (2), and 20 V.I.C. § 503. Arraignment occurred on April 2, 1987, followed by defendant's request for a jury trial on April 9, 1987. Neither party was ready to proceed with a Suppression Hearing scheduled for November 19, 1987 which ultimately occurred on May 13, 1988. Both the defendant and the Government have since flooded this court with motions for dismissal and responses upon this court's inquiry on the constitutionality of permitting the Government to continue with its prosecution.

## Constitutionality of 20 V.I.C. § 493(a)(1)

■ The judicial branch exists in part to construe statutory creations of the legislature, and to apply such statutes to the facts of any given case. When the intent of such law is not clear on its face, the legislative intent may be deduced through investigation. Traditionally, however, there has been strong debate whenever a court interprets the intent of the legislature when the law is unclear. Thus, it may be more prudent for a statute to be declared unconstitutional on its face than for a court to read into an ambiguous statute. This tension is one segment of the balance of powers referred to as judicial restraint (see Black's Law Dictionary 762 special deluxe 5th ed. 1979).

In the present case, defendant challenges the meaning of "... under the influence of an intoxicating liquor ...," articulated in 20 V.I.C. § 493(a)(1). On its face, "under the influence" is distinguished from a specific percentage of alcoholic content in this statute. When the law is read in its entirety, "a person's ability to operate a vehicle can be presumed to be impaired by alcohol, yet that person would not be presumed intoxicated," which is instead a degree of

inebriation (Government of the Virgin Islands v. Brown, No. 77-1484, 15 V.I. 541, 547 (3rd Cir. 1978); see Government of the Virgin Islands v. Grant, 19 V.I. 343 (Terr. Ct. 1983)).

■ Therefore, defendant's assertion that driving under the influence and driving while intoxicated are the same offense is inaccurate. Driving under the influence, which could be as slight as driving home after taking the Host at Church on Sunday is wrong merely because the legislature says it is wrong (see State v. Budge, 137 A. 244, 247, 126 Me. 223 (1927)). On the other hand, driving while intoxicated is forbidden to protect the public from serious death or injury due to a high percentage of alcohol consumption (see 20 V.I.C. § 493a. Driving under the influence of intoxicating liquors; presumptions).

■ Absent an explicit legislative showing, driving under the influence must be construed under a bare minimum analysis; any consumption, however minute, of alcohol violates § 493(a)(1).[1] This court cannot read quantitative limits into an otherwise clear statute simply because it does not expressly state its malum prohibitum intent. Similarly, a statute is not automatically void for vagueness or ambiguity if intent can be reasonably inferred from the statute as a whole.[2] Here, the statute is not vague because it specifically prohibits driving after any quantity of alcohol is consumed.

### Speedy Trial Requirement

Defendant's second major premise supporting dismissal is that he was denied a speedy trial, pursuant to the Revised Organic Act of 1954, § 3 and the Sixth Amendment of the United States Constitution. Thirteen months passed between filing the complaint and the first motion to dismiss based on this denial. An additional sixteen months has passed thusfar, leaving defendant waiting in the shadows of anxiety for twenty-nine months.

---

[1] In fact, the legislative history reveals no mention of any quantitative discussion defining "under the influence" see Bill No. 15-0653, Regular Session 51 (June 12, 1984); Bill Request Folder, No. 15-0653, V.I. Legislative Archives.

[2] see Synnott v. State of Oklahoma, 515 P.2d 1154 (holding that a statute making it an offense to drive under the influence does not deprive a person of the ability to determine whether they are breaking the law, nor does it violate the due process clause by failing to set forth criteria for being under the influence) citing Winters v. New York, 33 U.S. 507, 68 S. Ct. 665 (contemplating a reasonable person's fate on ability to objectively review a situation). This second premise is especially relevant to a minor intake of alcohol because of the biological and temporal factors that determine whether the body possesses alcohol.

■■ This court firmly established in 1982 that neither the Speedy Trial Act nor the Speedy Trial Plan applies, per se, to criminal proceedings (Government of the Virgin Islands v. Quetel, 18 V.I. 145 (Terr. Ct. 1982)). The Sixth Amendment's guarantee to a speedy trial, however, incorporates a factorial analysis of: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to a speedy trial; and 4) prejudice to the defendant (see Barker v. Wingo, 407 U.S. 514 (1972)).

■ Although this jurisdiction has previously permitted delays as long as eighteen months, the circumstances must reveal that the delay resulted in presumed prejudice to the defendant (Government of the Virgin Islands v. Pemberton, No. 86-3116 (3rd Cir. 1987) quoting United States v. Loud Hawk, 106 S. Ct. 648, 655 (1986)). Possibility of absence or loss of memory of witnesses does not automatically violate the right to a speedy trial because both parties experience hardship. In this particular case, however, the Speedy Trial act was a specific concern during the creation of § 493(a) (see Bill No. 15-0653, Regular Session 55–56 (June 12, 1984)), and twenty-nine months is unusually long for a criminal action to be pending in this court.

In addition, the reason for delay is not entirely clear to this court, although on at least one occasion, neither party was ready to proceed. This court is somewhat accountable for the delay of late resulting from docket backlog and a high case load. However, as defendant notes, responsibility to push a case through does not rest with the court alone. Regardless, this factor is not attributed to either party's actions.

As noted earlier, defendant did assert his speedy trial rights thirteen months into the litigation. With the exception of one continuance for a suppression hearing, defendant has demonstrated his readiness to proceed in this action.

■ Lastly, the stark truth of prejudice exists due to the delay. Memories fade; evidence loses its clarity of yesterday. In fact, if it were not for the extreme prejudice resulting to defendant, this court would advocate a prompt hearing on the merits. Defendant's two alibi witnesses, however, cannot be relied on after almost three years to recount the circumstances of one night. Normally, a defendant must demonstrate how a particular witness would have helped his case, and may not allege mere impairment of memory (see Government of the Virgin Islands v. Quetel at 151–52). This court cannot expect a reasonable person to remember an incident

that occurred twenty-nine months ago with anything more than a vague recognition. Therefore, after balancing the foregoing four factors, this court concludes that defendant's right to a speedy trial has been violated.

*Conclusion*

In view of the foregoing, this court concludes that 20 V.I.C. § 493(a) is not unconstitutionally vague, but that the defendant's right to a speedy trial has been violated. Accordingly, it is hereby,

ORDERED, that defendant's Motion to Dismiss is GRANTED; and it is further

ORDERED, that the above-captioned matter is DISMISSED with prejudice; and it is further

ORDERED, that copies of this Order shall be directed to defendant's attorney; Department of Justice, General Litigation Services; and the Virgin Islands Police Department.