# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

# ALPHONSE STEELE, Defendant

Criminal No. 463/89

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 29, 1991

ORIN L. ALEXIS, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for plaintiff*

VINCENT F. FRAZER, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The two questions presented by Defendant's Motion to Dismiss are: (1) whether 23 V.I.C. 1522(3) creates a criminal offense for a curfew violation, and if not, (2) whether the Governor has the authority to create such a criminal offense. For the reasons which follow, this court answers both questions in the negative, and will grant Defendant's Motion to Dismiss.

## FACTS

On September 17–18, 1989, Hurricane Hugo swept through the Virgin Islands destroying homes and businesses and leaving residents without electricity, water, communication and basic services. The community faced chaotic conditions, its infrastructure was decimated, and many residents needed emergency relief. Governor Alexander Farrelly immediately mobilized the National Guard by an administrative Order dated September 17, 1989, pursuant to T.23, Ch.19 of the V.I. Code (the National Guard Act of 1972), and on September 19, 1989 issued a Proclamation declaring a State of Emergency. The Governor also imposed a territory-wide curfew by a handwritten addendum on the bottom of the National Guard mobilization Order of September 17, 1989. The handwritten curfew addendum stated, in full, as follows:

> "Pursuant to my authority granted by Title 23, section 1522(3) Virgin Islands Code, I hereby declare a curfew, effective 10:00 p.m. Sunday, September 17, 1989 and direct that all persons other than emergency service personnel and persons on emergency travel shall remain off the streets and public areas of the Territory of the Virgin Islands until further notice."

No time frame was given outlining when the public could leave their homes or places of employment, or return thereto. The curfew

was not limited to a particular time of day, and it was so broad that its prohibition applied to all persons for the entire day for every day that it was in effect, and throughout the entire Territory, unless one of the "emergency" exceptions applied. The curfew addendum did not indicate that its violation would be treated as a criminal offense, and did not cite any authority for such treatment. Two months later the Governor, for the first time, indicated that a curfew violation would be treated criminally. This indication was made in the preamble of the November 17, 1989 proclamation, which continued the curfew, by the following WHEREAS phrase:

> "WHEREAS, I have determined . . . that a violation of said curfew shall be treated as a misdemeanor."[1]

The curfew was extended by Proclamations on October 17, 1989, November 17, 1989, and December 17, 1989, and was canceled by a final Proclamation on January 3, 1990.[2] In the Proclamations, the Governor cited 23 V.I.C. section 1522 as his authority for declaring the curfew, and the Revised Organic Act of 1954, as amended, as his authority for proclaiming the continuance of the curfew. However, no authority was cited for treating a curfew violation as a misdemeanor.

---

[1] A PROCLAMATION BY THE GOVERNOR OF THE VIRGIN ISLANDS EXTENDING THE CURFEW.

WHEREAS Title 23, section 1522, Virgin Islands Code, grants the Governor of the Virgin Islands of the United States the authority to declare a curfew; and

WHEREAS I declared a curfew pursuant to the above authority on the 17th day of September, A.D., 1989; and

WHEREAS *I have determined* that it is in the public's best interest that the curfew be continued, and *that a violation of said curfew shall be treated as a misdemeanor.*

NOW, THEREFORE, I, Alexander A. Farrelly, Governor of the Virgin Islands of the United States, by virtue of the authority vested in me by the Revised Organic Act of the Virgin Islands, as amended, do hereby proclaim the continuance of the curfew for the entire Virgin Islands this 17th day of November, A.D., 1989.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the Seal of the Government of the Virgin Islands of the United States to be affixed at Charlotte Amalie, St. Thomas, Virgin Islands, this 17th day of November, A.D., 1989.

Alexander A. Farrelly, Governor

(Emphasis Added)

[2] Title 23 V.I.C. section 1125(c) limits the duration of a State of Emergency to 30 days unless renewed by the Governor, but is silent as to limiting the duration of a curfew.

None of the Proclamations narrowed the breadth of the curfew order, although various news releases from the Government Information Office announced the gradual reduction of the hours during which the curfew would be in effect. On September 19, 1989 a press release issued by the Government Information Office was distributed to the media and aired on local radio indicating that the curfew would be limited to the hours of 6:00 P.M. to 6:00 A.M. Subsequent press releases further reduced the curfew hours until its cancellation.

During the period of the curfew several residents were arrested and criminally charged for violating 23 V.I.C. section 1522(3). In this case, the defendant, a fisherman, was arrested at 2:30 A.M. on October 27, 1989 for violating the curfew. Police arrested him in front of his home, which is adjacent to the Coki Point road in St. Thomas, while he was fixing the vehicle from which he sells his catch. He was arraigned on January 4, 1990 at which time he pleaded "Not Guilty" to the curfew violation. Defendant moves to dismiss the case contending that even if the curfew order was valid, there is no legal basis for its enforcement as a criminal misdemeanor. Specifically, he contends that 23 V.I.C. section 1522(3) merely authorizes the Governor to declare a curfew, that it does not create a crime, and that the Governor has no power to create a crime for a curfew violation where no such authority has been vested in him by the Organic Act, the Local law, or the Common law.

## DISCUSSION

A. *Background*

In the first test of the Hurricane Hugo emergency orders,[3] the District Court of the Virgin Islands held that the Governor acted within the scope of his authority in imposing the curfew. Moorehead v. Farrelly, 24 V.I. 318 (D.V.I. 1989). Faced with a civil petition challenging the validity of the curfew order, the District Court held that the curfew was justified as an effective means of maintaining law and order. At the time of the civil challenge to the curfew order, the Governor had not yet declared curfew violations to be crimes. That was

---

[3] In another test, Judge Henry Smock of the Territorial Court held that the curfew order was vague and unenforceable, and dismissed the curfew case involving a minor. In the Interest of:_____, Minor, Juvenile No. 98/89 (Terr. Ct. December 5, 1989), Nov. 28, 1989 Hearing Transcript, p. 11–12.

194

not done until the Proclamation of November 17, 1989. In this case, no one questions whether the Governor has the authority to declare a curfew, or whether the curfew order is void for vagueness. Instead, the issues we face in this case are (1) whether 23 V.I.C. section 1522(3) creates a criminal offense for a curfew violation, and if not, (2) whether the Governor has the authority to create such a criminal offense.

B. *Organic Act*

The Revised Organic Act of 1954, as amended (Organic Act), applies the Separation of Powers Doctrine to the Virgin Islands. Luis v. Dennis, 20 V.I. 373, 751 F.2d 604 (3d Cir. 1984). Section 11 of the Organic Act vests the executive power of the Virgin Islands in the Governor, who has control of all departments, instrumentalities, and agencies of the Executive Branch. It also grants him the power to declare martial law in cases of rebellion, invasion or imminent danger, and to dispatch military forces in the Virgin Islands in the event of disaster, imminent danger or insurrection.

Section 5 of the Revised Organic Act, as amended, establishes the Legislative Branch of the Virgin Islands which is charged, among other things, with the responsibility to create crimes and to define the applicable punishment. It is settled law that in our system of government declaring crimes and defining penalties are Legislative functions. See, United States v. Hudson and Goodwin, 11 U.S. 32, 33; 3 L.Ed. 259, 260 (1812); United States v. Eaton, 144 U.S. 677, 688; 12 S.Ct. 764, 767 (1892); Viereck v. United States, 318 U.S. 236, 241; 63 S.Ct. 561, 563 (1943).

Under the Separation of Powers Doctrine, the Executive Branch cannot create or define crimes. See, 21 Am. Jur. 2d, Criminal Law, section 14; 16 Am. Jur. 2d, Constitutional Law, section 319. Also, a court cannot criminally punish a person for committing an act which has not been made a criminal offense by the Legislative branch of government.

> "We cannot punish a person for committing an act which has not been made a criminal offense by the Legislative branch of government."

Government of the Virgin Islands vs. Brown, 15 V.I. 541, 547; 571 F.2d 773, 777 (3d Cir. 1978). In the famous Steel Seizure case this principle of Separation of Powers was emphasized as follows:

"In the framework of our Constitution, as amended, the President's power to see that the laws are faithfully executed refutes the idea that he is to be a lawmaker. The constitution limits his functions in the lawmaking process to the recommending of laws he thinks wise and the vetoing of laws he thinks bad. And the constitution is neither silent nor equivocal about who shall make laws which the President is to execute."

Youngstown Sheet & Tube Co. v. Sawyer 343 U.S. 579, 587; 72 S.Ct. 863, 867; 96 L.Ed. 1153, 1158 (1952). Similarly, the Revised Organic Act, as amended, vests no authority in the Governor to create any crime, whether misdemeanor or felony.

C. *Local Law*

Virgin Islands law does not create a crime nor provide a criminal punishment for violation of a curfew imposed by the Governor pursuant to 23 V.I.C. section 1522(3), which provides, in pertinent part, as follows:

"Whenever the Governor orders part or all of the military forces of the Virgin Islands into Territorial Active Military Service under Section 1519 he may, by written order,—

\* \* \*

(3) Declare a curfew during such periods and with respect to such areas and persons as in his discretion the public safety requires."

 This statute merely grants the Governor the authority to declare a curfew, and is a part of the National Guard Act, not the Criminal Code nor the Territorial Emergency Management Act. Before a person's acts may be categorized as criminal, fundamental fairness and due process demand that these acts must first have been defined and made criminal by the Legislature. A crime is generally made up of two elements: (1) a prohibited conduct and (2) a resulting penalty. Both elements must be enacted by the Legislature. 14 V.I.C. section 1; Black's Law Dictionary (5th Ed.) 337; 21 Am. Jur. 2d Criminal Law, section 5. In this case, neither of these two elements is present in 23 V.I.C. section 1522(3); therefore, it does not create a criminal offense for a curfew violation.

Many state legislatures which empower their governors or executive officers to declare a curfew during an emergency or natural disaster also enact legislation making a violation of the curfew a

criminal offense. For example, in the State of Massachusetts, legislation provides that persons violating a curfew declared by the Governor "shall be punished by imprisonment for not more than six months or fined for not more than $500.00, or both." Mass. Ann. Laws Ch. 40, 37A (1990). Similarly, Pennsylvania law imposes a fine of up to $300.00 or imprisonment for up to 30 days, or both, for curfew violations. 53 P.S. section 30360 (1989).

Other jurisdictions impose civil and/or criminal penalties. In Maryland, for example, legislation provides that civil penalties cannot exceed a fine of $1,000.00 for each curfew violation, and the civil penalty may be imposed in lieu of or in addition to a criminal penalty punishable by a fine of up to $1,000.00 or imprisonment for up to six months, or both. Md. Ann. Code Art. 41, section 2–101(2) and (5)(g). In the District of Columbia, only civil fines, penalties, and fees are imposed by law as sanctions for violating a curfew declared by the Mayor. D.C. Code section 6-1504(4)(b).

 The Virgin Islands curfew law in issue does not provide for criminal nor civil penalties. Thus, it is reasonable to infer that the Legislature assumed that some form of administrative procedure would have been established by the Executive Branch in order to enforce a declared curfew. The record does not reveal whether such an administrative scheme for curfew enforcement has been promulgated to date, but it is clear that none was implemented during this curfew. Since the Organic Act vests in the Legislature the authority to create crimes, that body could not abdicate its crime-creating authority to the Governor. See, Hodge v. Government of the Virgin Islands, 19 V.I. 602 (D.V.I. 1983); In the Matter of the Application of Deverita Carty Sturdivant for Admission to the Bar, 1982 St.T. Supp. 162 (D.V.I., July 23, 1982); Virgo Corporation v. Paiewonsky, 6 V.I. 256, 275, 384 F.2d 569, 578–579 (3d Cir. 1967). Thus, the authority granted by the Legislature to the Governor in 23 V.I.C. section 1522 to declare a curfew does not include the authority to create a misdemeanor or a felony for a curfew violation.

 Similarly, Title 23 V.I.C. section 1121, et seq. (the Virgin Islands Territorial Emergency Management Act) gives no power to the Governor to declare crimes, even though he is given broad authority to do, among other things, the following:

"(7) Control ingress and egress to and from an affected area, the movements of the persons within the area and the occupancy of premises. . . .

197

(10) Take any other action he deems necessary."

23 V.I. section 1125(f). Subsection 7 by implication gives the Governor the authority to declare a curfew since it allows him to control the movement of residents affected by a disaster. See, Moorehead v. Farrelly, supra. However, this does not authorize him to create a crime by implication. The catchall provision of Subsection 10 gives the Governor the flexibility, in conjunction with 23 V.I.C. section 1522, to act during an emergency to ensure the safety of the public. While it may seem that this provision allows the Governor to do whatever he wants during an emergency, his actions are limited to those that are constitutionally and legally authorized. See, Gov't. v. Brown, supra.

Moreover, the Governor could not have received such authority from Title 14 V.I.C. section 3(b), which provides for general penalties for crimes where no penalties are specifically prescribed by law.

14 V.I.C. section 3(b) states, in pertinent part, as follows:

"(b) When . . .

(1) An act or omission is declared by this Code or other law to be a crime or public offense, but without designation thereof as either a felony or a misdemeanor; and

(2) no penalty therefore is prescribed by this Code or other law. . . .

the act or omission is punishable as a misdemeanor."

 This provision applies to cases where the act or omission has already been declared a crime or public offense by local or federal law. Since neither the local nor federal laws make a violation of such an emergency curfew a crime or public offense, 14 V.I.C. section 3(b) is not applicable here.[4] In this case, the handwritten addendum which declared the curfew does not constitute a "law declaring an act to be a crime" as contemplated by 14 V.I.C. section 3(b). Indeed, if Subsection 3(b) were applicable in this case, there would have been no need for the Governor to declare it a misdemeanor.

 Furthermore, if the Legislature intended to make a violation of an emergency curfew a criminal offense it could have done so expressly, as it did when it established a non-emergency child-curfew

---

[4] By letter dated October 9, 1991, V.I. Senator Arturo Watlington advised the V.I. Attorney General that he is presently proposing legislation to make a curfew violation a criminal offense.

law to keep minors off the streets. Title 14 V.I.C. section 481. In enacting that child-curfew statute the Legislature on April 28, 1977 created a misdemeanor offense for a second or subsequent violation for which parents may be fined up to $500.00. Clearly, it had the opportunity to make a criminal offense of an emergency curfew violation when in 1984 and 1986 it amended the Virgin Islands Territorial Emergency Management Act (23 V.I.C. section 1121 et seq.). It also had the opportunity to do so in 1988 and 1990 when it amended the National Guard Act (23 V.I.C. section 1519 et seq.). There is no doubt therefore that the Legislature did not intend to make 23 V.I.C. section 1522 a criminal law, and that the Governor cannot usurp the legislative power to create a criminal offense when the Legislature has not chosen to do so. Moreover, if the Governor can declare a curfew violation to be a misdemeanor during this emergency, there would be nothing to prevent him from declaring it to be a felony during the next emergency!

Accordingly, the foregoing establishes beyond doubt that the Governor has no authority under local law to create a criminal offense for a curfew violation.

## D. *Common Law*

 This court rejects the Government's argument that curfew violations can be prosecuted as common law criminal offenses. Although the rules of common law are the rules of decisions in Virgin Islands courts, they only apply in the absence of local laws to the contrary.[5] Strict and specific language defining criminality and punishment is incorporated into Virgin Islands criminal statutes. Because 23 V.I.C. section 1522 specifically grants the Governor the authority to declare a curfew, common law is not applicable here. Simply stated, where no crime is enumerated in statutory law, no crime exists. Moreover, a curfew violation was not a crime at common law. 1 Wharton, Criminal Law 18–24 (12th ed. 1932). Thus, the use of common law to prosecute this case would be erroneous.

---

[5] The rules of the common law, as expressed in the Restatements of the Law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decisions in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary. 1 V.I.C. section 4.

## CONCLUSION

Based on the foregoing, 23 V.I.C. section 1522(3) does not create a criminal offense for a curfew violation, and the Governor has no legal authority under federal, local, or common law to do so. Hence, the Governor's declaration of a criminal misdemeanor for a curfew violation is null and void and therefore unenforceable.

Accordingly, the defendant's Motion to Dismiss will be granted.

## ORDER

This matter is before the court on defendant's Motion to Dismiss the criminal charge for curfew violation. In accordance with the court's Memorandum Opinion of even date, it is hereby,

ORDERED, that defendant's Motion to Dismiss is GRANTED, and this case is hereby DISMISSED.