

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-1998

# Virgin Islands v. Steven

Precedential or Non-Precedential:

Docket 97-7299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Virgin Islands v. Steven" (1998). *1998 Decisions.* Paper 6.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/6

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 9, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-7299

GOVERNMENT OF THE VIRGIN ISLANDS,

v.

EDWARD STEVEN,

      Appellant

Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
Criminal No. 96-cr-0043

Argued December 11, 1997

Before: SLOVITER, Chief Judge, and STAPLETON,
and MANSMANN, Circuit Judges

(Filed January 9, 1998)

        Harold W.L. Willocks (ARGUED)
        Chief, Territorial Public Defender
        1-B Clifton Hill - 2nd Floor
        Kingshill, St. Croix
        U.S. Virgin Islands 00850

       COUNSEL FOR APPELLANT

Julio A. Brady
 Attorney General
Paul L. Gimenez
 Solicitor General
Irma Industrious (ARGUED)
 Assistant Attorney General
Department of Justice
48B-50C Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, USVI 00802

   COUNSEL FOR APPELLEE

OPINION OF THE COURT

MANSMANN, Circuit Judge.

Edward Steven appeals from an order of the Appellate
Division of the District Court affirming a judgment entered
against him for Driving Under the Influence of an
Intoxicating Liquor in violation of Title 20 V.I.C.S 493(a)(1)
and rejecting Steven's constitutional challenge to that
statute. Because we agree that Title 20 V.I.C. S 493(a)(1) is
constitutional, we will affirm the district court's order.

I.

On October 19, 1995, police officers on routine patrol
stopped Steven when they observed that his car did not
have a license plate or taillights. In questioning Steven, one
of the officers smelled alcohol on Steven's breath and
noticed that his speech was slurred and his eyes were
glassy. The officer advised Steven of his Miranda rights, and
Steven then admitted that he had been drinking earlier that
day. After then failing a series of sobriety tests, Steven was
arrested on charges of Driving Under the Influence of an
Intoxicating Liquor, in violation of Title 20 V.I.C.S 493(a)(1)
and Operating a Motor Vehicle Without a License Plate in
violation of Title 20 V.I.C. S 331(3).

By order dated April 17, 1996, the Territorial Court of the
Virgin Islands denied Steven's motion to dismiss the Title

2

20 V.I.C. S 493(a)(1) charge on the basis of unconstitutional vagueness. Steven was found guilty of both charges on May 16, 1996. Steven appealed the Territorial Court's judgment to the District Court of the Virgin Islands, asserting that Title 20 V.I.C. S 493(a)(1) is unconstitutionally vague. The district court affirmed the Territorial Court's judgment by opinion entered on April 23, 1997. This timely appeal followed. We exercise plenary review over the district court's determination as to the constitutionality of the challenged statute. United States v. Parker, 108 F.3d 28, 29 (3d Cir. 1997).

II.

Pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, a criminal statute is unconstitutional if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning .. . ." Connally v. General Constr. Co., 269 U.S. 385, 391 (1926). The concept of unconstitutional vagueness is derived from a basic notion of fairness; citizens must be given fair warning before being held culpable for conduct deemed to be criminal. Colten v. Kentucky, 407 U.S. 104, 110 (1972); Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). A statute therefore meets the constitutional standard of certainty if its language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. United States v. Wise, 550 F.2d 1180, 1186 (9th Cir.), cert. denied, 434 U.S. 929 (1977).

Title 20 V.I.C. S 493(a)(1) provides, in relevant part, that "[i]t is unlawful for any person who is under the influence of an intoxicating liquor . . . to drive, operate, or be in actual physical control of, any motor vehicle within the Territory." Steven contends that the term "under the influence" as used in the statute is so vague as to render the statute unconstitutional. We disagree.

Courts have consistently rejected constitutional vagueness challenges to statutes containing the term "under the influence." See, e.g., Government of the Virgin

3

Islands v. Tonge, 1996 WL 255710 (Terr. V.I. August 17, 1996)(rejecting constitutional vagueness challenge to Title 20 V.I.C. S 493(a)(1)); People v. Seefeldt, 445 N.E.2d 427 (Ill. App. Ct. 1983)(upholding constitutionality of a statute prohibiting driving "under the influence of intoxicating liquor"); State v. Campbell, 681 P.2d 679 (Kan. Ct. App. 1984)(finding that the term "driving under the influence" does not render a statute void for vagueness). In addition, courts have recognized for over half a century that driving "under the influence" is commonly understood to mean driving in a state of intoxication that lessens a person's normal ability for clarity and control. See, e.g, Weston v. State, 65 P.2d 652, 654 (Ariz. 1937); State v. Graham, 222 N.W. 909, 911 (Minn. 1929). This common understanding is consistent with the obvious purpose of drunk driving statutes; i.e., to prevent people from driving unsafely due to an alcohol-induced diminished capacity. Because driving "under the influence" is commonly understood, it therefore puts citizens on fair notice of proscribed conduct. Accordingly, we find that Title 20 V.I.C. S 493(a)(1) is not void for vagueness.

At oral argument, Steven suggested that S 493(a)(1) is unconstitutionally vague unless some proof of blood alcohol level is offered to prove intoxication. We disagree. This issue was definitively decided in Government of the Virgin Islands v. Zachry, 24 V.I. 244 (Terr. Ct. 1989). In Zachry, the territorial court specifically upheld the constitutionality of the "driving under the influence" statute and noted that "driving under the influence must be construed under a bare minimum analysis; any consumption, however minute, of alcohol violates S 493(a)(1)." Zachry, 24 V.I. at 247. The Zachry court distinguished the "driving while intoxicated" offense under S 493(a)(2), which requires a specific percentage of blood alcohol content, from the "driving under the influence" offense under S 493(a)(1), which does not require a minimum blood alcohol content. Id. at 246-47. We read Zachry, therefore, to hold that because the touchstone of the "driving under the influence" statute is the effect the alcohol creates, i.e. the inability to drive safely, as opposed to the quantity of alcohol consumed, no minimum blood alcohol level is required for a conviction underS 493(a)(1) so long as the driver's capacity to operate the motor vehicle

4

safely is impaired. Zachry is consistent with and supports our view of the statute.1

Steven further contends that the statute fails to pass constitutional muster because it permits subjective pretextual interpretation by law enforcement officials. This argument is without merit. The fact that the officers exercised independent judgment in assessing whether Steven was intoxicated at the time of his arrest does not bear upon the constitutionality of the otherwise clear drunk driving statute.

III.

Accordingly, because we conclude that Title 20 V.I.C. S 493(a)(1) is sufficiently definite to survive constitutional scrutiny, we will affirm the order of the Appellate Division of the District Court affirming the judgment entered by the Territorial Court against Steven.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit
_____

1. The district court questioned the holding in Zachry by stating "to the extent that Zachry conflicts with this opinion, it is expressly overruled."
Op. at 12-13. Because we do not read Zachry to be inconsistent with our view, we have no need to overrule Zachry here.

5