**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2918
_____

UNITED STATES OF AMERICA

v.

RANDAR VASQUEZ MUNOZ,
Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 3:21-cr-00001-002)
District Judge: Honorable Robert A. Molloy
_____

Argued on April 29, 2025

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: January 6, 2026)

Joseph A. DiRuzzo, III      [**ARGUED**]
Margulis Gelfand DiRuzzo & Lambson
500 E Broward Boulevard
Suite 900
Ft. Lauderdale, FL 33394

*Counsel for Appellant*

Delia L. Smith
Adam Sleeper          [**ARGUED**]
Office of the United States Attorney
5500 Veterans Drive
United States Courthouse, Suite 260
St. Thomas, VI 00802

*Counsel for Appellee*

———————————

OPINION OF THE COURT

———————————

**FREEMAN**, *Circuit Judge*.

Randar Vasquez Munoz appeals his conviction for a drug offense while on board a vessel subject to the jurisdiction of the United States. For the reasons that follow, we will affirm the judgment.

**I**

In November 2020, a United States Coast Guard cutter intercepted a vessel in international waters approximately 115 nautical miles from Isla Malpelo, Colombia. The vessel attempted to evade the Coast Guard at high speed before being stopped through interdiction measures. Coast Guard authorities boarded the vessel and found three occupants: two Costa Rican nationals (including Munoz) and a Colombian national. They also found eleven bales of suspected drugs, which later were confirmed to contain 383 kilograms of cocaine.

The vessel flew no flag and had no registration documents, hull markings, or other indicia of its nationality. All three occupants claimed to be the master of the vessel, but none made a verbal claim of nationality for the vessel in response to a request from Coast Guard authorities. As a result, the Coast Guard deemed the vessel subject to the jurisdiction of the United States.

Based on the events described above, a grand jury returned an indictment charging Munoz with two offenses under the Maritime Drug Law Enforcement Act ("MDLEA"): (1) conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States[1]; and (2) possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and aiding and abetting.[2]

Munoz moved to dismiss the indictment on several grounds. As relevant to this appeal, he argued that the MDLEA is unconstitutional and that the United States failed to establish its jurisdiction over the vessel. He requested an evidentiary hearing regarding the jurisdictional challenge, but the District Court denied the motion without a hearing. Munoz then entered a conditional guilty plea. In a written plea agreement, he agreed to the facts recounted above, pleaded guilty to Count 1 of the indictment, and preserved his right to appeal certain issues, including the denial of his motion to dismiss. After sentencing, the government dismissed Count 2 of the indictment, as agreed upon in the plea agreement. Munoz timely appealed.

## II[3]

Munoz argues that (1) the MDLEA, 46 U.S.C. §§ 70501–70508, is unconstitutional, and (2) the District Court was required to hold an evidentiary hearing on his jurisdictional challenge. Neither argument is availing.

### A

Under the MDLEA, it is unlawful to possess controlled substances with the intent to distribute, or to conspire to do so,

---

[1] 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2) & 70506(a), (b).

[2] 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2) & 70506(a); 18 U.S.C. § 2.

[3] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

"on board a covered vessel." 46 U.S.C. §§ 70503(a)(1), 70506(b). The MDLEA defines "covered vessel" to include any "vessel subject to the jurisdiction of the United States." *Id.* § 70503(e)(1). And it defines a "vessel subject to the jurisdiction of the United States" to include any "vessel without nationality." *Id.* § 70502(c)(1)(A).

A "vessel without nationality" includes any "vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." *Id.* § 70502(d)(1)(B). There are only three ways in which the master or individual in charge of a vessel may make a claim of nationality or registry for the vessel. That person may (1) possess on board the vessel and produce appropriate documents evidencing the vessel's nationality, (2) fly the flag of the vessel's nation, or (3) make "a verbal claim of nationality or registry." *Id.* § 70502(e).

By its terms, the MDLEA extends to acts "committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b). Additionally, it provides that "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." *Id.* § 70504(a).

B

Munoz argues that the MDLEA exceeds Congress's authority under the Felonies Clause of the United States Constitution. We exercise plenary review of this constitutional challenge. *Gov't of V.I. v. Steven*, 134 F.3d 526, 527 (3d Cir. 1998). Federal statutes are presumptively constitutional and will be invalidated "only upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000).

The Felonies Clause is contained within Article I, Section 8, Clause 10 of the United States Constitution, which in its entirety is known as the "Define and Punish Clause." *See United States v. Alarcon Sanchez*, 972 F.3d 156, 166–67 (2d Cir. 2020). The Define and Punish Clause states: "Congress

4

shall have Power . . . To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. art. I, § 8, cl. 10.

The Supreme Court has construed the Define and Punish Clause to provide Congress with three distinct powers: (1) to define and punish piracies under the "Piracies Clause"; (2) to define and punish felonies committed on the high seas under the "Felonies Clause"; and (3) to define and punish offenses against the Law of Nations under the "Offenses Clause." *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59 (1820) ("The power given to Congress is not merely to define and punish piracies[] . . . [T]he power is also given 'to define and punish felonies on the high seas, and offences against the law of nations.'" (citation modified)); *id.* at 159 (distinguishing between "felonies on the high seas" and "offences against the law of nations," and observing that neither category was well defined at the founding); *see also United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248–49 (11th Cir. 2012) (discussing the three distinct grants of power contained in the Define and Punish Clause). Congress used the second of these powers—the power granted to it under the Felonies Clause—to enact the MDLEA.

Munoz contends that the Felonies Clause incorporates international law, and he argues that international law is incompatible with the MDLEA. But his premise is belied by the Constitution's text. While the Offenses Clause refers to international law (*i.e.*, the Law of Nations), the Felonies Clause does not. *See Smith*, 18 U.S. (5 Wheat.) at 159; *see also United States v. Alfonso*, 104 F.4th 815, 825–26 (11th Cir. 2024) (explaining that the Offenses Clause is limited by international law but the Felonies Clause is not), *cert. denied*, 145 S. Ct. 2706 (2025). So Munoz's challenge does not overcome the presumption of validity that attaches to the MDLEA as an act of Congress.

C

Munoz also argues that the District Court erred by failing to hold an evidentiary hearing on his motion to dismiss the indictment for lack of MDLEA jurisdiction. We review orders denying evidentiary hearings for abuse of discretion.

5

*See United States v. Hines*, 628 F.3d 101, 104 (3d Cir. 2010) (addressing an order denying an evidentiary hearing on a motion to suppress evidence); *United States v. Mitchell-Hunter*, 663 F.3d 45, 53 (1st Cir. 2011) (applying the abuse-of-discretion standard to address whether a challenge to MDLEA jurisdiction required an evidentiary hearing). There was no abuse of discretion here.

The parties stipulated to all the facts material to the District Court's ruling on MDLEA jurisdiction, and they included those stipulated facts in the plea agreement.[4] The only dispute was the legal significance of the stipulated facts. But an evidentiary hearing resolves factual disputes, not legal ones. *See Hines*, 628 F.3d at 105 (stating that an evidentiary hearing is necessary only to when "there are disputed issues of material fact that will affect the outcome of the motion"); *see also Mitchell-Hunter*, 663 F.3d at 53 (requiring defendants to make "a sufficient threshold showing that material facts were in doubt or dispute" to get an evidentiary hearing on a challenge to jurisdiction under the MDLEA (citation modified)).

The stipulated facts make plain that no one aboard the vessel took any of the actions necessary to claim nationality or registry for the vessel. *See* 46 U.S.C. § 70502(e) (requiring claims to be made by producing appropriate documents, flying the flag of the vessel's nation, or making a verbal claim).

---

[4] Munoz contends that the question of whether a vessel is "subject to the jurisdiction of the United States" under 46 U.S.C. § 70503(e)(1) implicates the District Court's subject matter jurisdiction. We need not wade into this issue that has split our sister circuits. *Compare United States v. Prado*, 933 F.3d 121, 132–51 (2d Cir. 2019) (holding that the MDLEA's jurisdictional requirements do not implicate subject matter jurisdiction), *United States v. Gonzalez*, 311 F.3d 440, 442–44 (1st Cir. 2002) (same), *with United States v. Miranda*, 780 F.3d 1185, 1192 (D.C. Cir. 2015) (holding that the MDLEA's jurisdictional requirements act as a limitation on subject matter jurisdiction), *United States v. Tinoco*, 304 F.3d 1088, 1105–06 (11th Cir. 2002) (same), *United States v. Bustos-Useche*, 273 F.3d 622, 626 (5th Cir. 2001) (same).

6

Because no one made such a claim, it is impossible that the "master or individual in charge" of the vessel did so upon the Coast Guard's request. *See id.* § 70502(d)(1)(B). That made the vessel a "vessel without nationality" under section 70502(d)(1)(B) of the MDLEA. And a "vessel without nationality" is subject to the jurisdiction of the United States under section 70502(c)(1)(A) of the MDLEA. No hearing was necessary.[5]

\*     \*     \*

For the reasons set forth above, we will affirm the judgment.

---

[5] Munoz also argues that the District Court needed an evidentiary hearing to assess whether the vessel was a "vessel without nationality" under section 70502(d)(1)(**C**) of the MDLEA. That is not so, as the vessel was without nationality under section 70502(d)(1)(**B**) of the MDLEA. In any event, section 70502(d)(1)(C) applies to "a vessel aboard which the master or individual in charge *makes a claim of registry* and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. § 70502(d)(1)(C) (emphasis added). Because no one made a claim of registry for the vessel, this provision is inapplicable to Munoz's case.